The issue in this appeal is which of two insurance companies was obligated to defend a pest control company sued by a homeowner. The present action is an appeal from a summary judgment entered in a declaratory judgment action in favor of Safeco Insurance Company, appellee, wherein Mutual Fire, Marine and Inland Insurance Company, Inc. (MFM I), and *Page 1013 
Euclid Services, appellants, sought to have the trial court declare that Safeco was obligated to defend Alabama Pest Services in the suit brought against it by the homeowner, James A. Hicks.
In October 1977 Hicks entered into a written agreement whereby Alabama Pest Services agreed to inspect and treat his premises for a one-year period, renewable at Hicks's option. At this time, Alabama Pest Services had a blanket liability insurance policy with Safeco. Hicks's property was inspected at this time and no termites were found. Hicks renewed his policy with Alabama Pest Services. On September 3, 1979, Safeco's policy with Alabama Pest Services expired. Thereafter, Alabama Pest Services secured coverage from MFM I. This coverage commenced on September 3, 1979, and terminated on March 31, 1982.
In April 1978, Hicks's property was inspected and treated for infestation. On March 3, 1979, November 13, 1979, and January 12, 1981, Alabama Pest Services inspected the premises and found no termites, but an active infestation was found on May 24, 1981. Alabama Pest Services ordered repair work on the premises but this repair work was subsequently discontinued. On March 31, 1982, the policy issued by MFM I expired. On May 14, 1982, Hicks brought suit against Alabama Pest Services, MFM I, Euclid Services, Inc., Home Insurance Company, and Safeco Insurance Company.
Thereafter, MFM I and Euclid Services filed a declaratory judgment action against Safeco in order to determine which of them was required to defend Alabama Pest Services in the main action. Safeco filed a motion for summary judgment, contending that it did not have a duty to participate in or defend the action; the trial court granted its motion for summary judgment and certified the judgment under Ala.R.Civ.P. 54 (b) as a final judgment. MFM I and Euclid Services appeal here.
Appellants contend that the trial court erred in granting summary judgment in favor of Safeco in that the occurrence for which liability is sought to be imposed could have arisen during Safeco's policy period. We agree.
Safeco's argument to the trial court, and here on appeal, is that the "occurrence" made the basis of the suit came wholly within the policy period of MFM I. Stated differently, Safeco contends that there is not a scintilla of evidence that any damage to the homeowner's property occurred while its policy was in effect. In support of this position, Safeco, in its brief, argues:
 "The facts of this case are straight-forward and leave no room for conjecture or speculation as to when the termite damage occurred. Alabama Pest Services inspected the Hicks property on October 13, 1977. The Hicks property was inspected and treated for infestation in April 1978. The property was subsequently inspected in March 1979, November 1979, and January 1981. No termites were found during any of these inspections. Meanwhile, the Safeco insurance policy was displaced in September 1979, by a policy issued by the appellant, Mutual Fire, Marine Inland Insurance Co. (MFM I). It was not until almost two years after the termination of the Safeco policy and the beginning of the MFM I policy that active termite infestation was discovered in May of 1981.
 "There is no indication that any event or series of events took place during the Safeco policy period [that] contributed to the damages. Three inspections discovered no active infestation. Clearly, all pertinent events took place after September 1979 and the expiration of the Safeco policy.
 "Because all of the pertinent events took place after the expiration of the Safeco policy, the decisions of this Court in USF G [United States Fidelity Guaranty Co.] v. Warwick [Dev. Co.], 446 So.2d 1021 (Ala. 1984) and Utica Mutual Insurance Co. v. Tuscaloosa Motor Co., Inc., 295 Ala. 309, 329 So.2d 82 (1976), compel affirmance of the Circuit Court of Bullock County. The damage *Page 1014 did not occur until after the Safeco policy was terminated and therefore, Safeco is relieved of liability under the policy. USF G [United States Fidelity Guaranty Co.] v. Warwick [Dev. Co.], 446 So.2d 1021 at 1024." (Emphasis added.)
Appellants MFM I and Euclid counter that in the underlying lawsuit the homeowner, Hicks, is alleging that Alabama Pest Services, Safeco's insured, negligently inspected and treated the house during the Safeco policy period and that damages were alleged to have occurred during this policy period. Because Hicks, in the underlying suit, has alleged that there were
termites present during the policy period, they argue that Safeco should be required to appear and defend its interest in relation to any events which the proof may show occurred during this time.
The law provides that the insurance carrier with the policy in effect at the time of damage is responsible for the defense and indemnity of the insured. United States Fidelity GuarantyCo. v. Warwick Dev. Co., 446 So.2d 1021 (Ala. 1984). InWarwick, this Court stated that "it is the insurance that is in force at the time of the property damage that is applicable rather than insurance that was in force when the work was performed." 446 So.2d at 1024 (emphasis added). Similarly, inUtica Mutual Ins. Co. v. Tuscaloosa Motor Co., 295 Ala. 309,329 So.2d 82 (1976), this Court stated that coverage under a policy of insurance is afforded only when "loss of property is suffered during the policy period irrespective of when the negligent act was performed." 295 Ala. at 313, 329 So.2d at 85. (Emphasis original.)
Both sides agree on these principles of law; they disagree, however, as to whether there was any showing that propertydamage occurred during Safeco's policy period. As pointed out earlier, Safeco bases its argument upon the fact that no termites were found during three inspections: March 1979, November 1979, and January 1981. Appellants, on the other hand, argue that Hicks has alleged that these inspections were negligently conducted and that there were termites present during Safeco's policy period and that he suffered damage as a proximate consequence.
We believe the learned trial court erred in holding there was no genuine issue of fact on whether Hicks suffered damage during Safeco's policy period. Safeco raises several other issues as grounds for affirming the summary judgment. We have examined these arguments, and find them to be without merit. The judgment of the trial court concerning whether the damage occurred during Safeco's policy period is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.