PER CURIAM.
This is an appeal from a summary judgment. Keenan Kester Cofield, appearing pro se, filed suit on April 1, 1986, against the City of Huntsville and certain individual defendants.[1] Cofield’s complaint and amended complaint alleged the following claims: malicious prosecution, false imprisonment, negligence in the supervision of employees, illegal arrest, and conspiracy. Because the question presented by this appeal is purely procedural, a statement of the facts under which these alleged claims arose is not necessary to this opinion.
An answer to the complaint was filed by the defendants on May 30, 1986. On February 3, 1987, the defendants filed two separate motions for summary judgment. Although the record is not clearly indicative, Cofield obviously received notice of these motions for summary judgment, because on February 10, 1987, he requested a 30-day extension of time in which to respond. On February 16,1987, Cofield filed a second motion to extend his time, requesting an additional 30 days or until the defendants had responded to his interrogatories and request for production of documents. The record shows that the defendants’ responses to these discovery matters were filed on February 3 and 18,1987.
On March 2, 1987, the trial court issued an order granting Cofield until March 13, 1987, to file his response to the defendants’ motions for summary judgment. On March 17, 1987, Cofield filed another motion in which he requested an additional seven days. It appears that the trial court did not rule on this motion. On April 7, 1987, the trial court granted summary judgment in favor of the defendants. On May 7, 1987, Cofield filed a motion to alter, amend, or vacate the summary judgment. This motion was denied on May 8, 1987, and Cofield subsequently appealed. The sole argument presented on appeal is that the trial court erred in granting summary judgment in favor of the defendants because, Cofield says, he was not given 10 days’ notice by the trial court prior to the entry of summary judgment.
We agree with the general proposition that Rule 56(c) contemplates a hearing before the trial court rules on a motion for summary judgment. Certainly, the nature of summary judgment dictates against a hasty and arbitrary action. As Tharp v. Union State Bank, 364 So.2d 335 (Ala.Civ.App.1978), and Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala.1984), indicate, the requirement of a 10-day notice before the hearing on the motion is based on due process considerations. See, also, Hightower & Co. v. United States Fidelity & Guaranty Co., 527 So.2d 698 (Ala.1988). But where, as here, the policy considerations of the Rule have been fully satisfied, literal adherence is not required.
Our review of the record discloses that the defendants’ documentation in support *1261 of their motions for summary judgment, each item of it uncontested, precludes a finding of any genuine issue of material fact and demonstrates that the defendants are entitled to a judgment as a matter of law. Cofield requested, and was granted, two separate extensions of time within which to respond to the defendants’ motions. Although his third request for an additional seven days’ extension, filed on March 17, was not responded to by the court, no action on the motions was taken until April 7. It is significant that Cofield never filed any response to the summary judgment motions.
Under these circumstances, Cofield cannot be heard to complain that he did not receive 10 days’ notice before the entry of the summary judgment; therefore, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.

. Cofield has been incarcerated throughout the pendency of these proceedings at both the trial and appellate level.