This case involves allegations of inadequate termite treatment and of misconduct by the treatment company's insurance carriers.
James J. Hicks filed suit in 1982 against Alabama Pest Services, Inc. ("Pest Services"), and John Harvell, owner of Pest Services, contending that the defendants negligently and wantonly treated his house and refused to repair it; that the defendants breached their contract with the plaintiff; that the defendants' conduct was outrageous; and "that the defendants' failure and refusal to settle his claim for damage done to his house constitutes the tort of bad faith." Hicks later amended his complaint, adding as parties defendant, insofar as this appeal is concerned, Safeco Insurance Company, Euclid Services, Inc., and Mutual Fire, Marine Inland Insurance Company, hereinafter collectively referred to as the "insurers," some or all of whom provided liability coverage for Pest Services.[1] The trial court entered summary judgment in favor of all defendant insurers on all counts; and for Harvell and Pest Services on the outrage and bad faith counts. That judgment was made final pursuant to Rule 54(b), A.R.Civ.P., and Hicks appealed.
Hicks argues, inter alia, that the trial court erred in granting the motions for summary judgment prior to the date scheduled *Page 150 
for a hearing on those motions. For the most part, we disagree.
As to the allegation of bad faith, there is absolutely no evidence that Hicks had an insurance contract with any defendant. Moreover, because he reduced no claim to judgment against Harvell or Pest Services, he has no right of action against the defendant insurers directly. See Maness v. AlabamaFarm Bur. Mut. Cas. Ins. Co., 416 So.2d 979 (Ala. 1982); Code 1975, § 27-23-2. Accordingly, no cause of action sounding in bad faith is available against any of these defendants. Muellerv. Hartford Ins. Co. of Alabama, 475 So.2d 554 (Ala. 1985);Dickey v. Alabama Farm Bur. Mut. Ins. Co., 447 So.2d 693 (Ala. 1984); Sprowl v. Ward, 441 So.2d 898 (Ala. 1983); Kennedy Elec.Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala. 1983). Therefore, the trial court correctly entered summary judgment as to the bad faith count in favor of all defendants; that portion of the judgment is affirmed.
Insofar as the defendant insurers are concerned, there is no allegation or argument that they undertook to treat or repair Hicks's premises, or that they had any contract with Hicks that was breached. Summary judgment was thus properly entered in favor of these defendants on those counts; that portion of the judgment is affirmed.
What remains for analysis is Hicks's claim of outrage against all defendants. The trial court entered summary judgment in favor of each defendant prior to the date scheduled for a hearing on the summary judgment motions. Because, as a matter of law, the facts of this case do not give rise to a claim of bad faith against any defendant, or of negligent or wanton treatment or repair, or breach of contract, against the defendant insurers, the plaintiff was not prejudiced by the absence of a hearing. The claim of outrage, however, is not barred under these facts. While we need not address the merits of that claim with regard to any defendant, we do note that Rule 56(c), A.R.Civ.P., "does by its language contemplate a hearing upon a motion for summary judgment", Lightsey v.Bessemer Clinic, P.A., 495 So.2d 35, 38 (Ala. 1986); see Halesv. First Nat. Bank of Mobile, 380 So.2d 797, 799 (Ala. 1980), unless the failure to hold the hearing is harmless. Kelly v.Alexander, 547 So.2d 428 (Ala. 1989). Given the totality of the circumstances of this case, we think the prudent course would be to permit Hicks a hearing on the motions for summary judgment on the outrage claims.
The judgment is therefore reversed in part, and this case is remanded with instructions to the circuit court to hold a hearing on the summary judgment motions of all defendants with respect to the plaintiff's claim of outrage.[2]
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] See Mutual Fire, Marine Inland Ins. Co. v. Safeco Ins. Co.,473 So.2d 1012 (Ala. 1985).
[2] If the pendency of Hicks's discovery motions in the trial court impedes his ability to respond to the summary judgment motions, Rule 56(f), A.R.Civ.P., authorizes him to so state by affidavit and apply to the court for a continuance on the hearing. See Reeves v. Porter, 521 So.2d 963 (Ala. 1988)