YATES, Judge.
Citicorp North America, Inc. (Citicorp), filed a complaint against James W. Steeley, Jr., d/b/a Vincent and Associates, alleging default on a lease agreement and asking for damages, attorney’s fees, interest, and costs. Steeley’s motion to dismiss was denied. Steeley then answered with a general denial and also claimed that Citicorp was not duly licensed or registered in the State of Alabama and, therefore, was not entitled to recover.
On February 5, 1992, Citicorp filed a motion for summary judgment with supporting documents, including an affidavit of its legal manager, an “Amended Certificate of Authority” dated December 14, 1987, authorizing Citicorp to transact business in Alabama, a copy of a lease agreement signed by Stee-ley dated April 25, 1990, and two affidavits supporting the attorney’s fee request. The trial court, without a hearing or notice that it would issue a ruling, granted summary judgment in favor of Citicorp on March 26, 1992.
On April 14, 1992, Steeley filed a motion for reconsideration, alleging that he had not been served with the motion for summary judgment and, therefore, that he had had no knowledge of the motion and no opportunity to reply. Citicorp in its response denied a lack of service and attached a copy of its original motion and certificate of service.
Steeley then filed an affidavit supporting his motion for reconsideration, again alleging no notice of the motion for summary judgment and claiming that the leased equipment was incomplete and inoperable. Steeley further alleged that he notified both the dealer and IBM Credit Corporation, who held the original agreement, of the problem and that he advised them that “they could pick it up or [he] would deliver it to them.” Steeley also alleged that the return of the equipment was never authorized and that the lease agreement was sold to Citicorp. Steeley asserted that he “had intended to retain counsel to defend this action,” and “would have responded promptly” if he had known of the summary judgment motion. Steeley’s motion for reconsideration was denied. Steeley, pro se, appeals from the summary judgment granted in favor of Citicorp.
Steeley contends that, because he was not served with a copy of the motion for summary judgment and was not notified as to the setting of a hearing on the pending motion, the trial court erred in granting summary judgment. Citicorp responds by saying that it properly served Steeley by mail at Steeley’s last known address.
As to Steeley’s claim that the trial court erred by not providing him with ten days’ notice prior to hearing the motion for summary judgment, the trial court never scheduled a hearing on Citicorp’s motion. Rule 56(e), Alabama Rules of Civil Procedure, contemplates a hearing by the trial court upon a motion for summary judgment, “unless failure to hold the hearing is harmless.” Hicks v. Alabama Pest Services, Inc., 548 So.2d 148, 150 (Ala.1989). Rule 56(c)(2) provides that “[t]he motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned.” The ten-day notice requirement is based on due process considerations. Cofield v. City of Huntsville, 527 So.2d 1259 (Ala.1988).
In the instant case, the motion for summary judgment was granted approximately two months after it was filed. Because no hearing was scheduled, notice was not sent. Summary judgment may ultimately be proper here; however, Steeley was denied an opportunity to present adverse evidence. Hales v. First National Bank of Mobile, 380 So.2d 797 (Ala.1980). We hold that he should *643 have an opportunity to respond. Therefore, the judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., dissents.