In case no. 2050072, Phillip Randall Shaw ("the claimant") appeals from a summary judgment entered by the Etowah Circuit Court in favor of the State of Alabama on its claim that a particular parcel of real property apparently owned by the claimant had been forfeited to the State pursuant to §20-2-93, Ala. Code 1975. In case no. 2050103, Vesta Fire Insurance Corporation ("Vesta"), whose motion to intervene as a party in the State's forfeiture action was not ruled upon by the trial court, purports to appeal from the same judgment. We reverse and remand the summary judgment based upon the issues raised by the claimant, without reaching the merits of Vesta's attempted appeal, which we dismiss.
The record, as supplemented, reveals that the claimant was arrested at some time in 1999 by agents of the Etowah County Sheriff on charges of, among other things, trafficking in methamphetamine. Although the date of the claimant's arrest is unclear, a number of items were seized, pursuant to §20-2-93, by the "Etowah County Narcotics Task Force/Major Crime Unit" ("the Unit") on April 15, 1999, including a parcel of real property in Gadsden on which the claimant's residence was located. A document signed by the claimant dated December 22, 1999, states: "I, Phillip Randall Shaw, do herebyrelease to the . . . Unit all items on the attached list" of the property seized on April 15, 1999.
On February 22, 2000, the State, on the relation of the sheriff of Etowah County and acting through the local district attorney, *Page 1249 
brought an in rem civil action against the parcel of real property, alleging in the complaint that the claimant had been arrested on April 15, 1999; that the parcel had been seized at that time; and that the State "ha[d] probable cause to believe that said property had been used or was intended to be used to facilitate a violation of the controlled substances law of the State of Alabama" so as to subject the parcel to forfeiture under § 20-2-93. The claimant filed an answer admitting the fact and date of his arrest and the seizure of the parcel of real property, but denying the State's entitlement to relief; subsequently, a man named "Jeff Shaw," who also claimed ownership of the parcel of real property, was allowed to intervene in the action in May 2000. In March 2003, the case was first set for a trial, which was to be held in June 2003; however, a trial did not take place in June 2003, and the cause was reset in November 2003 for a December 2003 trial and again in January 2004 for a March 2004 trial.
In February 2004, the State filed a motion for a summary judgment on its claim. That motion was supported by the claimant's "release" of the parcel of real property to the Unit, a copy of the claimant's deed to the parcel indicating his ownership, a copy of the claimant's plea agreement as to the three criminal cases in which he was involved, and three criminal judgments finding the claimant guilty of trafficking in methamphetamine, trafficking in amphetamine, and unlawful possession of methamphetamine. Notably, each criminal judgment contained the notation that the claimant "does not waive any rights [he] might have in any civil action."
The summary-judgment motion was set for a hearing to be held on March 2, 2004. However, the trial court did not hold a hearing on that date. The trial court then entered a series of orders continuing the trial of the cause to September 2004, to December 2004, to February 2005, to June 2005, to August 2005, and then to September 2005; however, the record does not reflect that the State's summary-judgment motion was set for a hearing after its initial setting.
On August 22, 2005, Vesta filed a motion seeking, among other things, intervention in the action as of right and on a permissive basis. In its motion, Vesta alleged that it had filed an action in 2001 against the State and the claimant seeking a declaration that its policy of insurance on the parcel of real property did not afford coverage and that Vesta's declaratory-judgment action had been stayed pending the entry of a judgment in the State's forfeiture action. The trial court rendered an order stating that the motion to intervene would be heard before trial on September 19, 2005.
However, on September 14, 2005, three business days before that trial date, the trial court, without holding a hearing, granted the State's February 2004 summary-judgment motion, determining (1) that the claimant had been arrested on December 17, 1999, while on the parcel of real property; (2) that the claimant had "voluntarily entered into a written, notarized agreement . . . to convey all right, title and interest in" the parcel to the Etowah County Sheriff; (3) that the claimant had "failed and refused to execute the necessary documents to effect the transfer of title to the Sheriff; and (4) that summary judgment was warranted based upon "the executed agreement of [the] [c]laimant . . . to relinquish the specified real and personal property, coupled with his pleas of guilty to the Trafficking offense and *Page 1250 
other drug offenses that occurred on the premises that are the subject of this action, the evidentiary submissions in this case, and the attendant facts and circumstances of this case." Significantly, Vesta's motion to intervene was not ruled upon by the trial court before that judgment was entered.
On September 19, 2005, the claimant filed a motion to vacate the summary judgment, arguing that he had not waived his right to oppose the State's forfeiture claim, that there had been no hearing on the State's summary-judgment motion, and that the failure of the trial court to afford him an opportunity to be heard in opposition to the motion was erroneous. Vesta also filed a motion on September 19, 2005, to vacate the summary judgment. The record does not reflect an express ruling on either motion; however, pursuant to Rule 4(a)(3), Ala. R.App. P., the pendency of those postjudgment motions tolled the time for filing notices of appeal, rendering timely both the claimant's and Vesta's notices of appeal.
We first consider the claimant's appeal. Citing Van Knight v.Smoker, 778 So.2d 801 (Ala. 2000), the claimant contends that the trial court erred in granting the State's summary-judgment motion without holding a hearing. We agree. As the Supreme Court noted in Van Knight:
 "The Committee Comments to [Rule 78, Ala. R. Civ. P.,] state: `It is to be noted that the last sentence of the rule prohibits the granting of a Motion Seeking Final Judgment such as a Motion for Summary Judgment without giving the parties an opportunity to be heard orally.' (Emphasis added [in Van Knight].) Rule 56(c), Ala. R. Civ. P., itself entitles the parties to a hearing on a motion for summary judgment. See Hicks v. Alabama Pest Servs., Inc., 548 So.2d 148, 150 (Ala. 1989); and Lightsey v. Bessemer Clinic, P.A., 495 So.2d 35, 38 (Ala. 1986). Although, in certain limited circumstances, a trial court may rule on a motion for summary judgment without [conducting] a hearing, see Pate v. Rollison Logging Equip., Inc., 628 So.2d 337, 341 (Ala. 1993), once the trial court has set a date for a hearing on the motion, the court must allow the nonmoving party an opportunity to be heard. Hill v. Chambless, 757 So.2d 409 (Ala. 2000); and Tharp v. Union State Bank, 364 So.2d 335 (Ala.Civ.App. 1978)."
778 So.2d at 805 (final emphasis added). In Van Knight, the Supreme Court held that a trial court could not properly set a hearing on a summary-judgment motion for a particular date; enter an order rescheduling the hearing to a later date; and then enter a summary judgment after conducting a hearing on the original, superseded hearing date, ruling that the nonmovant's attorney was entitled to rely on the court's notice resetting the hearing date. 778 So.2d at 806.
In this case, the trial court, after the filing of the State's summary-judgment motion in February 2004, set that motion for a hearing on March 2, 2004. That court set no further hearing on that motion, nor did that court even refer to the pendency of that motion at any subsequent time; instead, that motion was granted, without a hearing, on September 14, 2005, three business days before a scheduled trial date. Although one might reasonably expect a trial court to take up a pending summary-judgment motion on the day of trial before conducting an ore tenus proceeding, a nonmoving party (such as the claimant in this case) has a right under our *Page 1251 
law to expect that a trial judge, having previously set a date for a hearing on a summary-judgment motion, "will not issue a ruling [on that motion] before that party has had anopportunity to timely respond to the motion." Hill v.Chambless, 757 So.2d 409, 411 (Ala. 2000) (footnote omitted; emphasis added). Viewed in connection with Rule 56(c)(2), Ala. R. Civ. P., the "opportunity" to "timely respond" encompasses the entire period from the filing of a summary-judgment motion until two business days[1] in advance of the date upon which that motion is to be heard. Although the length of time afforded to the claimant to respond to the State's motion in this case was considerable, it was not all that Rule 56(c)(2), VanKnight, and Hill allow; thus, the trial court's entry of the summary judgment one day before any response to the State's motion would arguably have been due constitutes error.
The State contends that Cofield v. City of Huntsville,527 So.2d 1259 (Ala. 1988), and Hicks v. Alabama PestServices, Inc., 548 So.2d 148 (Ala. 1989), mandate affirmance notwithstanding the failure to hold a hearing, essentially invoking the harmless-error doctrine (see Rule 45, Ala. R.App. P.). We disagree. In each of those cases, the Supreme Court determined that the movant's evidentiary submissions demonstrated that there was no genuine issue of material fact and that the movant was entitled to a judgment as a matter of law.Cofield, 527 So.2d at 1261; Hicks,548 So.2d at 150 (bad-faith claim).
Here, however, we cannot agree with the State that its motion negated all material fact issues so as to demonstrate the State's entitlement to a judgment as a matter of law in its favor. Most notably, the State's evidentiary submissions do not demonstrate that the parcel of real property was "used or intended to be used for the manufacture, cultivation, growth, receipt, storage, handling, distribution, or sale of any controlled substance in violation of any law of this state" so as to be subject to forfeiture under § 20-2-93(a)(8), Ala. Code 1975; that portion of the State's complaint alleging such facts was expressly denied by the claimant, and the motion and submissions do not otherwise support the trial court's determinations that the claimant was arrested on the property and that drugs were seized from the property at the time of his arrest. Moreover, the "release" form relied upon by the State in no way indicates an intent to conveytitle to the parcel (as opposed to possession
of the parcel) to the Unit. Thus, we cannot conclude that the summary judgment may properly be affirmed on a harmless-error basis.
We conclude that the trial court erred in failing to hold a hearing on the State's summary-judgment motion before entering a summary judgment in favor of the State in this case. The summary judgment, therefore, must be reversed, and the cause must be remanded for further proceedings.
Vesta's appeal is based upon the theory that the summary judgment in favor of the State amounts to an implicit denial of its motion to intervene. Alabama law does indeed afford a party whose motion to intervene has been denied a right to appeal from that decision; in Thrasher v. Bartlett, 424 So.2d 605, 607
(Ala. 1982), and Universal Underwriters Insurance Co. v.Anglen, 630 So.2d 441, 442 (Ala. 1993), *Page 1252 
the Alabama Supreme Court, citing federal authorities in support, concluded that an order denying intervention as of right and an order denying permissive intervention, respectively, were each appealable final judgments. Notwithstanding that general principle of appealability, however, we note that "in order to be immediately appealable, an order denying a motion to intervene must be truly final with respect to the proposed intervenor — that is, the order must ruledefinitively on the party's participation in the litigation before the [trial] court." United States v. City ofMilwaukee, 144 F.3d 524, 528 (7th Cir.1998) (emphasis added).
In this case, the trial court did not enter such a definitive ruling, and the issues raised by Vesta's intervention request, such as the precise nature of Vesta's interest in the parcel of real property, have not been conclusively adjudicated, and it would arguably be presumptuous for this court to tread where the trial court has not yet gone. As we have noted, the summary judgment that purportedly aggrieves Vesta is due to be reversed, thereby obviating the very basis of Vesta's appeal. We thus dismiss that appeal as moot. However, we would observe that on remand the trial court should apply Rule 24, Ala. R. Civ. P., in determining whether Vesta should be entitled to intervene in the action before that court enters a final judgment on the State's claim.
2050072 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2050103 — APPEAL DISMISSED.
All the judges concur.
[1] One is to exclude intervening weekend days and holidays in computing periods of time set forth in the Rules of Civil Procedure that measure less than 11 days, such as the 2-day period specified in Rule 56(c)(2). See generally Rule 6(a), Ala. R. Civ. P.