THOMAS, Judge.
In 2003, SW Properties, LLC (“SW Properties”), purchased a parcel of property (“the property”) located in Tallapoosa County from “Still Waters Development Co., LTD Partnership” (“SW Development”), by a special warranty deed. On July 19, 2012, SW Properties filed a petition for reformation of the deed in the Tallapoosa Circuit Court (“the trial court”). In the petition, SW Properties asserted that, according to the sales contract between it and SW Development, the property was not subject to any covenants *932 or restrictions but that the deed erroneously contained language indicating that the property was subject to the covenants and restrictions of the Blue Creek Point Subdivision. SW Properties requested, among other things, that the trial court reform the deed to remove the language regarding covenants and restrictions from the deed.
SW Properties filed a motion for a hearing on August 27, 2012. The trial court held a hearing on October 23, 2012. At the hearing, SW Properties informed the trial court that SW Development had failed to respond to the petition for reformation of the deed.[1] The trial court entered a default judgment on October 23, 2012, ordering the reformation of the special warranty deed. On October 25, 2012, StillWaters Residential Association, Inc. (“the association”), filed a motion to intervene, in which it asserted that the property was located within the StillWaters Development and was subject to the covenants and restrictions of the Blue Creek Point Subdivision. The association further asserted that it had recorded a lien on the property for unpaid maintenance fees and assessments.
On November 14, 2012, the association filed a motion to vacate the October 23, 2012, judgment and stated that it was unaware of the judgment when it filed its motion to intervene. The trial court did not rule on either of the association’s motions. The association filed an appeal to our supreme court on February 20, 2013;[2] the appeal was transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975, on March 8, 2013. In its brief on appeal, the association argues that the trial court erred by denying its motion to vacate because it was a necessary party to the action below. However, before we can address the association’s argument, we must first determine whether the appeal is properly before this court.
It is settled law that a party whose motion to intervene has been denied has a right to appeal from that decision. See Shaw v. State ex rel. Hayes, 953 So.2d 1247, 1251-52 (Ala.Civ.App.2006) (citing Thrasher v. Bartlett, 424 So.2d 605, 607 (Ala.1982), and Universal Underwriters Ins. Co. v. Anglen, 630 So.2d 441, 442 (Ala.1993)). This court has held that, “ ‘ “in order to be immediately appealable, an order denying a motion to intervene must be truly final with respect to the proposed intervenor — that is, the order must rule definitively on the party’s participation in the litigation before the [trial] court.” ’ ” D.S. v. Cullman Cnty. Dep’t of Human Res., 42 So.3d 1284, 1285-86 (Ala. Civ.App.2010) (quoting Shaw, 953 So.2d at 1252, quoting in turn United States v. City of Milwaukee, 144 F.3d 524, 528 (7th Cir. 1998)). Furthermore, “1 “[i]t is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.” ’ ” Ex paHe Landry, 117 So.3d 714, 718 (Ala.Civ. App.2013) (quoting Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting in turn Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981)). Despite a thorough review of the record on appeal and the State Judicial Information System ease-detail sheet, we cannot find an order of the trial court addressing the association’s motion to intervene. Therefore, the motion to intervene remains pending before the trial court. Because the trial court has not yet *933 ruled on the association’s motion to intervene, we conclude that the association’s appeal is premature.
Insofar as the association argues that the trial court erred by denying its motion to vacate, we first note that, because the motion to intervene remains pending below, the association was never made a party to the underlying action. Our research does not yield Alabama case-law directly on point; however, “[t]he basic rule that a nonparty cannot appeal the judgment in an action between others seems obviously sensible.” 15A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3902.1 (2d ed.1992). Although a successful intervenor acquires “full status” to bring an appeal, it is also the rule that an “unsuccessful applicant for intervention cannot appeal from any subsequent order or judgment in the litigation.” Shore v. Parklane Hosiery Co., 606 F.2d 354, 356 (2d Cir.1979). Therefore, because it is not a party to the underlying action, the association did not have standing to file a motion to vacate the trial court’s October 23, 2012, judgment, nor does it have standing to appeal from the denial by operation of law of that motion. See Ballentine v. Alabama Farm Credit, ACA, 138 So.3d 1005,1007 (Ala.Civ.App.2013).
Because the motion to intervene remains pending in the trial court, and because the association is not a party to the action, this appeal must be dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Included in the record is documentation indicating that SW Development's registered agent had been properly served.

. In its brief, the association asserts that it filed its appeal to our supreme court after its motion to vacate was denied by operation of law.