Edward D. OPPENHEIMER, Robert A. Burger, and St. Paul Fire and Marine Insurance Company, Plaintiffs-Appellants,

v.

MORTON HOTEL CORPORATION, a Michigan Corporation, Defendant-Appellee.

No. 15262.

United States Court of Appeals Sixth Circuit.

Dec. 9, 1963.

John J. Timmer, Grand Rapids, Mich., for appellants.

Allaben & Massie and Fred Roland Allaben, Grand Rapids, Mich., on brief, for Edward D. Oppenheimer and Robert A. Burger.

Paul S. Goolian, Grand Rapids, Mich., on brief for St. Paul Fire & Marine Ins. Co.

James A. Markle, Detroit, Mich., F. William Hutchinson and Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., of counsel, for appellee.

Before CECIL and PHILLIPS, Circuit Judges, and PECK, District Judge.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Western District of Michigan. The district judge granted a judgment to the defendant-appellee on its motion for summary judgment and the plaintiffs-appellants appealed.

On November 9, 1957, Robert A. Burger, hereinafter sometimes called the guest, a diamond salesman, one of the appellants herein, registered in the hotel of the Morton Hotel Corporation, the appellee, hereinafter called the hotel. Mr. Burger was in Grand Rapids, Michigan, the situs of the hotel, making a pre-Christmas selling trip on behalf of his principal, Edward D. Oppenheimer. After registering, Mr. Burger left the hotel and made some calls upon jewelry merchants. Upon his return to the hotel, he went to the desk and deposited a brief case with the clerk.

Upon receipt of the brief case, the clerk handed Mr. Burger a "Safety Deposit Envelope." This envelope was made up of two parts, an "A check" and a "B Depositor's check." The guest signed the A check but did not fill in the blank space provided for a statement of the value of the article. There was printed on this check the following statement: "In accepting this envelope and contents for safe-keeping, we assume no liability other than that provided for in the Innkeeper's Act of this state, which has limited our liability so that in no event can we be liable for more than the amount specified in the Act." The B Depositor's check was to be signed by the depositor only when the package was called for and in the presence of the clerk on duty. At the time of the deposit the hotel clerk did not inquire as to the contents or value of the brief case nor did the guest comment on its value or contents. The following morning when Mr. Burger attempted to check out it was discovered that the brief case was missing. No trace of it has ever been found since that time.

On September 15, 1958, the appellants Burger and Oppenheimer filed suit in the District Court to recover the sum of $50,000, the alleged value of the diamonds contained in the brief case. Jurisdiction of the Court was invoked by virtue of diversity of citizenship. (Sec. 1332, Title 28 U.S.C.) On November 19, 1959, the court ordered St. Paul Fire and Marine Insurance Company to enter its appearance as a party plaintiff or defendant. The insurance company filed an answer on March 9, 1960. Subsequently, on March 16, 1960, the hotel moved to realign the insurance company as a party plaintiff. On July 28, 1960, this motion was sustained and the insurance company filed a complaint on December 3, 1960.

At a pre-trial hearing on August 28, 1962, the court set the trial date for October 1, 1962. On the appointed day for the trial, the trial judge held a conference with counsel and suggested that counsel for the hotel file a motion for summary judgment on the ground that there were no material issues of fact to be submitted to a jury. The motion was filed and argued to the court. The trial judge sustained the motion in a decision from the bench and awarded the plaintiff statutory damages in the amount of $50. A formal judgment was entered on October 2, 1962. Notice of appeal was filed on October 22nd and on October 31st the judge filed a formal written opinion.

One of the assignments of error is that the motion was heard immediately instead of allowing the plaintiffs-appellants ten days before the hearing as provided by Rule 56(c) of the Federal Rules of Civil Procedure. A case may be decided on a motion for summary judgment when there is no genuine issue as to any material fact. When a case is in such a posture only a question of law is presented. The essential facts as they appear in the record are undisputed. At the hearing of the motion for summary judgment the trial judge asked counsel

if he had any further evidence to submit and he replied in the negative. There is no claim now on this appeal that counsel had further evidence to submit. The trial judge decided as a matter of law that considering the pleadings, depositions, admissions and affiavits in the record the plaintiffs-appellants were not entitled to judgment. It would be a useless procedure to reverse the District Court because it did not allow ten days to elapse from the time the motion was filed until it was heard, if only a substantive law question is involved.

Another assignment of error is that the District Court erred in realigning the parties and making the insurance company a party plaintiff. If the question of liability was properly decided, then this assignment of error becomes moot. The presence or absence of the insurance company as a party would have no influence on the judgment. The substantial rights of the parties would not be affected. Rule 61, Federal Rules of Civil Procedure.

The really pertinent question on this appeal is: Did the trial judge rule correctly on the question of liability? As the trial judge said, the decision on the motion for summary judgment turns on an interpretation of the Michigan Innkeeper's Liability Act. (M.S.A. Sections 18.311 and 18.312; C.L. '48, Sections 427.101 and 427.102.) In a very well written opinion, reported at D.C., 210 F.Supp. 609, Judge Fox, the trial judge, analyzed and interpreted these sections of the statutes. He applied the law to the facts of the case and concluded that the plaintiffs-appellants could not recover.

We are of the opinion that Judge Fox correctly decided the question of law that was presented by the motion for summary judgment and nothing further need be added to his opinion.

The judgment of the District Court is affirmed.