340 So.2d 743 (1976)
Orzell BILLINGSLEY, Jr.
v.
Spiver GORDON et al.
SC 1773.
Supreme Court of Alabama.
October 1, 1976.
Rehearing Denied January 7, 1977.
Orzell Billingsley, Jr., pro se.
Jack R. Evans, Tuscaloosa, for appellees.
PER CURIAM.
Plaintiff Orzell Billingsley, Jr. appeals from the granting of a summary judgment against him. This court reverses.
Plaintiff Orzell Billingsley, Jr., following his dismissal as legal counsel by the Greene County Commission, sued various defendants, including Spiver Gordon, Kenney Johnston, and the Scholarship, Education, and Defense Fund for Racial Equality, Inc. (SEDFRE). As reflected by the pre-trial order, the suit, as last amended, claimed damages against the corporation and Spiver Gordon, as its agent, on the grounds of slander and libel growing out of his employment as legal counsel for the Greene County Commission.
The record in this case reveals the following sequence of events:
(1) On February 27, 1975, the trial judge issued a pretrial order which contained among other things the following:
"The Defendant is hereby allowed to file within ten (10) days from today's date a request for Admissions or Denial concerning the agency of the defendant, Spiver Gordon. The Plaintiff shall file an answer to said Request for Admissions or Denial within ten (10) days after receipt of said request." *744 (2) On March 4, 1975, the defendants filed a Request for Admission, requesting the plaintiff to admit that Spiver Gordon was not an agent of SEDFRE on the date named in the complaint. (One should bear in mind that Billingsley is suing SEDFRE alleging that Spiver Gordon is SEDFRE's agent and SEDFRE on Request for Admission asked Billingsley to admit that Spiver Gordon was not SEDFRE's agent.)
(3) On March 20, 1975, the defendants filed a motion to have the trial court order that the Request for Admission be taken as admitted by plaintiff on the grounds that the plaintiff had failed to make any response to the request within the time period provided in the court's pre-trial order.
(4) On March 21, 1975, the trial court granted the defendant's March 20th motion and ordered that the facts contained in the Request for Admission were established as true and factual insofar as the pending action was concerned.
(5) On March 27, 1975, the plaintiff filed an answer to the defendant's Request for Admission in which he denied that Spiver Gordon was not an agent of SEDFRE.
(6) On March 31, 1975, the plaintiff filed an amended complaint and a motion asking the court to rescind its March 21, 1975, order (which established the conclusions of the Request for Admission). This motion was denied the same day and also the trial court refused to allow the plaintiff to amend his complaint.
(7) On the same day (March 31, 1975 the day set for the trial of this case) SEDFRE, in open court, orally moved for summary judgment on the basis of the court's order of March 21, 1975, which treated as admitted the request that Spiver Gordon was not an agent of SEDFRE. Over the objection of the plaintiff, summary judgment was granted by the trial court.
Rule 56(c) of the Alabama Rules of Civil Procedure calls for notice to be given a party against whom a motion for summary judgment is sought, when it states: "The motion shall be served at least 10 days before the time fixed for the hearing." The rationale for this requirement is obviously to give the non-moving party sufficient time to prepare a rebuttal to the moving party's burden of proving that there is no genuine issue as to any material fact. The results to the party against whom a motion for summary judgment is granted are extremely harsh and the rule attempts to ensure that the court rules on a summary judgment motion only after it is fully apprised of all the relevant facts and circumstances of the cause before it. See Wright & Miller, § 2719 (1973).
It does not appear that the plaintiff had any notice of the motion prior to the time SEDFRE "orally" moved for summary judgment at the hearing held on March 31, 1975, which was the day for the trial of the case. A motion for summary judgment should only be granted when substantial justice is served and when it is apparent that there are no genuine issues as to any material fact. The trial court's granting of the defendant's motion for summary judgment was not only in derogation of the specific requirements of Rule 56, but also violated the spirit of the Alabama Rules of Civil Procedure.
The trial court also erred in not allowing the plaintiff's motion to set aside the order of March 21, 1976, and allow his denial as to the Request for Admission to be accepted. There is no question that the trial court was acting in compliance with Rule 36(a) of ARCP when it shortened the period within which the plaintiff was to respond to the request, from 30 days to 10 days. However, when the plaintiff did file his denial to the request on March 27, 1975, it is the feeling of this court that the trial court should have been guided by subsection (b) of Rule 36 in allowing the denial to be filed.
Rule 36(b) of ARCP provides in part:
"[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice *745 him in maintaining his action or defense on the merits. * * *" [Emphasis supplied.]
See Pickens v. Equitable Life Assur. Soc., 413 F.2d 1390 (5th Cir. 1969).
It appears clear that the presentation of the merits of this cause of action was thwarted when the trial court refused to vacate its March 21 order and allow the plaintiff to withdraw the automatic admission which resulted from his failure to respond within 10 days of the defendant's request.
For the reasons stated, the summary judgment is due to be reversed.
REVERSED AND REMANDED.
HEFLIN, C. J., and FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
BLOODWORTH, MADDOX, JONES and EMBRY, JJ., dissent.
JONES, Justice (dissenting):
I respectfully dissent.
Initially, I deem it appropriate to make clear that my dissent does not address itself to the following two issues:
(1) whether the subject matter of the request for admissionsmatters peculiarly within the knowledge of the defendantwas appropriate.
(2) the propriety of the trial Court in dismissing one of the defendants and granting a summary judgment as to the remaining individual defendant.
No ruling of the trial Court was invoked as to the first and no issue is presented for review with respect to the second. The sole issue, then, concerns itself with the granting of the corporate defendant's motion for summary judgment.
At a pre-trial conference held on the 27th day of February, 1975, the trial Court inter alia held:
"The Defendant is hereby allowed to file within ten (10) days from today's date a request for Admissions or Denial concerning the agency of the defendant, Spiver Gordon. The Plaintiff shall file an answer to said Request for Admissions or Denial within ten (10) days after receipt of said request."
On the fourth day of March, 1975, SEDFRE filed and duly served on the plaintiff the following Request for Admissions:
"The Defendants, Spiver Gordon, and Scholarship Education and Defense Fund for Racial Equality, Incorporated, requests the plaintiff to admit the following facts:
"1. That the Defendant, Spiver Gordon was not an agent, servant or employee of the Defendant, SEDFRE, on the date and time named in the complaint, i.e., November 30, 1971.
"2. That the Defendant, Spiver Gordon, at the time he alleged in the complaint to have made certain false statements regarding the plaintiff, was not an agent, servant or employee of the defendant, SEDFRE, while acting within the line and scope of such agency."
On March 21, the trial Court granted defendant's March 20th motion to have the Request for Admission taken and admitted due to the plaintiff's failure to respond within the time specified in the pre-trial order.
At the time the case was called for trial on the 31st day of March, 1975, SEDFRE moved for a summary judgment on the basis of the trial Court's order of March 21, which treated as admitted the request that Spiver Gordon was not the agent or employee of SEDFRE at the time of the alleged acts made the basis of plaintiff's claim for damages. After a brief hearing, at which all the parties in interest or their attorneys were present, the trial Court granted SEDFRE's motion for summary judgment.
The ultimate dispositive question to be answered may be restated: Was the trial Court correct in invoking a sanction which had the effect of dismissing SEDFRE as a party defendant based on the plaintiff's *746 failure to respond to a request for admissions in compliance with the pre-trial order?
ARCP 36(a) provides that a matter which is the subject of a request for admissions "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the trial Court may allow, the party to whom the request is directed serves upon the party requesting the admission of a written answer to the matter."
Authorities interpreting the same statement in FRCP 36 have stated that a party who fails to respond to a request should be held to have admitted it even though the request was objectionable. 8 Wright and Miller, Federal Practice and Procedure: Civil § 2259 (1970). Since Billingsley neither answered nor objected to SEDFRE's request for admission within the time provided in the pre-trial order, the trial Judge was authorized to deem those questions admitted. These admissions completely exonerated SEDFRE from any responsibility for Spiver Gordon's actions and supported the summary judgment in favor of SEDFRE.
Admittedly, Rule 36(b) provides in part:
"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." (Emphasis added.)
In my opinion, the majority, overturning the trial Court's discretion, is without a showing that such discretion was abused. The Rules of Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." The trial Judge, by pre-trial order, and by the entry of summary judgment, attempted to narrow the issues and obviate a trial. I think he should be upheld.
I would affirm the order of the trial Judge granting summary judgment.
BLOODWORTH, MADDOX and EMBRY, JJ., concur.