This is an appeal from the granting of summary judgment in favor of plaintiff in a suit on a note.
Plaintiff Union Bank sued defendant in the District Court of St. Clair County upon a note, claiming principal, interest and attorney fee after default. Defendant, appearing pro se, filed an answer and a counterclaim. The answer denied responsibility for payment of the note by virtue of the counterclaim. The essence of the counterclaim was that the bank was negligent and discriminatory in failing to respond to defendant's financial need by denying him an additional loan. Damages of $100,000 were claimed.
Plaintiff moved to dismiss the counterclaim for failure to state a claim. Shortly thereafter the suit was transferred to circuit court. Some three weeks later plaintiff filed motion for a hearing. The court immediately responded, setting a hearing on the 16th of December, 1977. The purpose of the hearing is not stated, though there had been no pleading to the counterclaim other than the motion to dismiss. That motion had not been ruled on. On December 12, 1977, plaintiff filed a motion for summary judgment with exhibits and affidavit. The certificate of service indicated service by mail upon defendant on December 7. However, the accompanying affidavit was not dated until December 9. On December 15, defendant filed various and sundry exhibits, including copies of alleged authorities and various financial statements prepared by him. The purpose of these exhibits is unclear. They were apparently in support of his counterclaim.
The record before us of the proceedings before the court at the hearing on December 16 indicates the presence of defendant and counsel for plaintiff. There is testimony of an attorney as to a reasonable fee to *Page 337 
be awarded plaintiff for services of his counsel. There is a colloquy between defendant and the court.
Defendant inquired if there was a ruling on his motion for continuance. The judge stated he was denying the continuance. Defendant interrupted to take exception. The judge continued that, based upon the affidavit and exhibits filed by plaintiff, he was going to grant the motion for summary judgment and was striking defendant's counterclaim. Defendant took exception to that and began a statement saying, I don't know just what. . . ." He was cut off by the judge who proceeded to announce the amount of the judgment he was entering. The record then notes the proceedings were adjourned.
The judgment entry then made begins as follows:
 "This being date heretofore set for consideration of plaintiff's motion for summary judgment and plaintiff's motion to dismiss defendant's counterclaim and upon consideration thereof, this court is of the opinion that said motions are due to be granted." (R. 70)
Defendant thereafter moved for a new trial, which must be considered technically as a motion to set aside summary judgment. Among other grounds, the motion alleged that the defendant did not receive service by mail of the motion for summary judgment with the attached affidavit and exhibits until after he returned home from the hearing. The truth of the allegation was supported by exhibits and affidavit. Defendant contended violation of Rule 56, ARCP which requires service of a motion for summary judgment with attached affidavits ten days prior to the date for hearing. The trial court denied the motion for new trial.
Defendant appeals to this court pro se. As is generally the case when one unlearned in the law attempts to represent himself, the issues presented and attempted to be argued in brief are inept except for two. There are two which we consider sufficiently appropriate for consideration.
The first we consider is the propriety of the granting of the motion to dismiss the counterclaim. We find the court correct in granting the motion. Defendant seeks to state a claim founded upon the denial by the bank of additional credit requested by him. He seemingly claims that a bank is under a legal obligation or duty to extend credit, grant a loan or continue to extend credit to anyone who requests it. There is no such obligation absent contract. Defendant complains of the failure of the court to inform him as to how he might defend against plaintiff's claim and amend and prosecute his counterclaim. The trial judge is not present to aid either party in the lawsuit and certainly under no duty to do so. He is the arbiter and moderator, not an advocate.
The other issue presented on appeal has been noted heretofore as having been brought to the attention of the trial court by defendant's post-trial motion. That issue is whether the court erroneously granted summary judgment when service of the motion was had upon defendant less than ten days prior to hearing as required by Rule 56, ARCP.
The requirement of ten days' notice between motion and hearing is a procedural rule for the purpose of allowing the opposing party the opportunity for discovery and preparation of opposing evidence to that of the movant. Thacker v. Whitehead,548 F.2d 634 (6th Cir. 1977). Some cases have said that failure to give the required notice and hearing deprives the court of authority to enter summary judgment. Mustang Fuel Corp. v.Youngstown Sheet and Tube Co., 480 F.2d 607 (10th Cir. 1973). Other cases have said that entry of summary judgment without notice and hearing as required by Rule 56 (c) is an abuse of discretion. Georgia Southern Florida Railway Co. v. AtlanticCoast Line R.R. Co., 373 F.2d 493 (5th Cir. 1967), cert. denied, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120. All of these cases, however, grant that the requirement of the rule may be waived. Some cases have said that though error, it is not reversible error if no prejudice can be *Page 338 
demonstrated by the unsuccessful party. Thacker v. Whitehead,supra; Oppenheimer v. Morton Hotel Corporation, 324 F.2d 766
(6th Cir. 1963).
We have before us in this case the unusual situation of no service at all prior to judgment. Though a hearing was held, it was not set and designated as a hearing on summary judgment. In fact, the hearing, as we view the file, could only have been set for the purpose of considering the motion to dismiss the counterclaim.
We have said the requirements of notice and hearing may be waived. However, waiver requires knowledge, actual or implied, of the right being waived. Givens v. General Motors AcceptanceCorp., 56 Ala. App. 561, 324 So.2d 277 (1975). There is nothing in the record of this case which indicates defendant was aware at the hearing of what was transpiring until the judge announced the granting of summary judgment. He then took exception and apparently began a statement of lack of understanding of what was transpiring. This objection to the entry of summary judgment and the state of the record showing that ten days had not expired since even the certified date of service negates any claim of waiver. This court has the greatest respect for the trial judge, but we must hold that under such circumstances he should not have entered summary judgment. In doing so he approved a violation of Rule 56 and had no authority to enter judgment thereunder. Billingsley v.Gordon, 340 So.2d 743 (Ala. 1976); Mustang Fuel Corp., supra.
We are not impressed with plaintiff's argument as to absence of prejudice to defendant. The facts of this case are far different from those of Oppenheimer, supra. The rule is not prefaced upon whether or not the opposing party may successfully defend against summary judgment. It does require that the opportunity to defend be given. We certainly make no judgment here as to the merits of plaintiff's motion for summary judgment.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.