The parties raise the question whether two defendant police officers of the City of Mobile were immune, under the doctrine of qualified immunity, from liability on the plaintiff's claim that they had violated the civil rights of the plaintiff's intestate. The plaintiff says her intestate died as a result of injuries he sustained as he was being arrested by the two officers. We do not reach this question, however, because of a procedural problem. The summary judgment for the defendant officers must be reversed and the case remanded because the trial judge failed to comply with the procedures set out in Rule 56, Ala.R.Civ.P., for entering a summary judgment. Specifically, the trial judge set the motion down for a hearing on a specific date, but ruled on the motion without allowing the *Page 410 
opposing party an opportunity to timely file a response to the motion as provided by Rule 56.
 I.
Angela Nadine Bailey Hill, as administrator of the estate of Edwin Roy Bailey, Sr., filed several claims, pursuant to 42 U.S.C. § 1983, against Richard Chambless and Lawrence Keith Harvey, police officers employed by the City of Mobile, alleging that they had violated Bailey's civil rights on the night they arrested him, and that the violations ultimately caused his death.
The evidence tends to show that while officers Chambless and Harvey were on duty on the night of October 8, 1995, they were separately dispatched to 1856 Duvall Street in response to a report that an intoxicated person was in the roadway. Duvall Street has three lanes. One lane runs eastbound and one runs westbound; the third lane separates the other two and functions as a protected turn lane.
When the officers arrived at the scene, they parked their vehicles in the turn lane facing east. Each car flooded the area with light generated by its headlamps and flashing blue lights. These lights remained on after the officers had exited their vehicles.
Chambless and Harvey approached Edwin Roy Bailey, Sr., who was sitting on the curb. The officers described Bailey as being incoherent and intoxicated to the point that he had urinated on himself. Based on what they saw, the officers concluded that Bailey was endangered by his level of intoxication, and should be arrested for public intoxication. Bailey, unable to walk to the police cars, crawled toward one of the cars on his hands and knees without the assistance of either officer — until he was struck and injured by a passing motor vehicle. That vehicle was driven by Barry Larson, Jr., who was arrested and was found to have a 0.182% blood-alcohol content.[1] Chambless and Harvey narrowly escaped injury to themselves, by stepping out of the way. Larson's vehicle skidded for nearly 15 feet and hit Bailey twice before coming to a stop.
Bailey was hospitalized that night for the injuries he suffered in the accident, but he was released that same night. Weeks later, however, on November 2, 1995, he died as a result of meningitis secondary to a skull fracture and blunt-force injuries to the head that he had received when he was struck by Larson's automobile.
On October 6, 1997, Hill, as administrator of Bailey's estate, sued the City of Mobile; its mayor, Michael C. Dow; and five police officers, including Chambless and Harvey. She sought damages under 42 U.S.C. § 1983 for alleged constitutional violations. She claimed that the police officers, in arresting Bailey, had acted with deliberate indifference to his safety and had thereby violated his constitutional rights. She alleged no claim under state law.
Ultimately, only Chambless and Harvey remained as defendants. All other defendants had been dismissed or had received summary judgments.
Chambless and Harvey, in their answer, asserted that they enjoyed qualified immunity from an action filed under the provisions of § 1983, and they subsequently filed motions for summary judgment on this ground. On December 7, 1998, the trial court set these motions for a hearing on December 30, 1998; on December 22, 1998, however, the court granted Chambless's motion for a summary judgment. Hill did not respond to either motion until December 28, 1998, six days after the trial court had ruled on Chambless's motion; consequently, the only matter before the trial court at the time of the scheduled *Page 411 
December 30 hearing was Harvey's summary-judgment motion. The court granted that motion on January 8, 1999.
 II.
We address only one issue: Did the trial court, having set a date for a hearing on Chambless's motion, err in ruling on that motion without affording Hill, the nonmoving party, the opportunity to timely file a response? We hold that, pursuant to Ala.R.Civ.P. 56(c)(2),[2] once a trial court sets a date for a hearing on a summary-judgment motion, the court must allow the nonmoving party an opportunity to respond, an opportunity extending until a date two days before the date set for the hearing.
Rule 56(c)(2) establishes the notice requirement for summary-judgment motions. In order to ensure that an opposing party has a meaningful opportunity to respond, this rule requires that the trial court must allow a minimum of 10 days to pass between the date the hearing is set and the date of the actual hearing, unless the parties agree otherwise. See Rule 56(c)(2), Ala.R.Civ.P.;Hilliard v. SouthTrust Bank of Ala., 581 So.2d 826, 828 (Ala. 1991) ("We have held, because of due process considerations, that [the provision of Rule 56(c)(2) stating that the summary-judgment motion `shall be served at least ten (10) days before the time fixed for the hearing'] is not to be applied literally, but that it will be applied to require a minimum of 10 days between the date the hearing is set and the date of the hearing.").
In applying the provisions of Rule 56(c), trial courts are given limited discretion. Kelly v. Harrison, 547 So.2d 443, 445
(Ala. 1989). In fact, this Court has stated that a trial court may, within its discretion, dispense with the hearing altogether and rule on the motion without any further proceedings. See Patev. Rollison Logging Equip., Inc., 628 So.2d 337, 341 (Ala. 1993). But once a hearing is set, the requirements of procedural due process change accordingly. Because Rule 56(c)(2) specifically provides that a nonmoving party has until two days before the date of the hearing to file "any statement or affidavit in opposition" to the motion, we conclude that the trial court erred by ruling eight days before the date of the scheduled hearing. Rule 1(c), Ala.R.Civ.P., mandates that the Rules of Civil Procedure be construed to "secure the just, speedy and inexpensive determination of every action." Applying the provisions of that rule to the facts of this case, we conclude that a nonmoving party has a right to expect that a trial judge, having set a date for a hearing on a summary-judgment motion, will not issue a ruling before that party has had an opportunity to timely respond to the motion.[3] Consequently, the only just decision *Page 412 
is to reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
 III.
The procedural defect requires that we reverse the summary judgment for Chambless; however, because the claims against Chambless and Harvey are so closely interrelated, we think the more prudent course is to reverse as to both defendants. We express no view at this time on the substantive issues pertaining to either defendant's summary judgment, and our order of reversal and remand should not be construed by the trial court or the parties as an expression on the merits of this appeal.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
ENGLAND, J., concurs in the result.
[1] Larson was charged with assault in the first degree. That charge, however, was subsequently nol-prossed on a motion by the State.
[2] Rule 56(c)(2) reads:
 "The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days' notice with the consent of the parties concerned. Subject to subparagraph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing."
[3] For purposes of clarity, we emphasize that the trial court, having scheduled a hearing on a motion for summary judgment, may rule on the motion without waiting for the hearing date, if the opposing party has not responded within the time allowed by Rule 56(c)(2). In Mardis v. Ford Motor Credit Co., 642 So.2d 701
(Ala. 1994), the nonmoving party requested and received an additional 14 days to file a response in opposition to the summary-judgment motion. The nonmoving party misunderstood the trial judge's order, thinking that the 14-day extension ran from a later date rather than from the date on which it was given. The trial judge granted the summary-judgment motion at a point based on the earlier date, before the nonmoving party had responded. We affirmed, holding that the opposing party had been provided a meaningful opportunity to respond. 642 So.2d at 705-06. In that case, however, the trial court ruled on the date of the scheduled hearing, not before it, and the opposing party completely failed to file a response.