The plaintiffs, Mary Van Knight and Gaye F. Garnett, as conservators of the estate of Helen H. Fillingim, non compos mentis, appeal from the trial judge's summary judgment in favor of the defendants, Piggly Wiggly Corporation; Piggly Wiggly Alabama Distributing Company, Inc.; Smoker, Inc.; Gregory A. Smoker; H. Grady Smith; and Virginia Smith. The only issue raised by the plaintiffs is whether the trial judge erred in conducting a hearing on November 18, 1998, on the defendants' motions for summary judgment in the absence of the plaintiffs and their attorneys, C. Knox McLaney III and John Crook McInnish. Specifically, the plaintiffs claim that the trial judge's last scheduling order, issued by the judge on November 10, 1998, which set February 18, 1999, as the date for the hearing on the motions for summary judgment, superseded any previous order by the judge setting the hearing on the motions for summary judgment for November 18, 1998.
The record shows the following undisputed facts. The trial judge prepared and issued the first scheduling order in this case on July 10, 1998. That order set October 1, 1998, as the date the judge would hear oral arguments on any motion *Page 803 
for summary judgment. During September 1998, all of the defendants filed motions for summary judgment, along with briefs, depositions, and documents in support of their motions. At a scheduling conference held on September 23, 1998,[1] attended by one of the plaintiffs' attorneys, Crook McInnish, the trial judge reset the hearing date on the defendants' motions for summary judgment from October 1, 1998, to November 18, 1998. On November 6, 1998, the plaintiffs' attorneys received a docket notice of the November 18, 1998, hearing. Then, on November 10, 1998, the trial judge issued a new scheduling order setting the hearing on the motions for summary judgment for February 18, 1999. This last scheduling order, in its entirety, reads as follows:
 "IT IS ORDERED THAT THE FOLLOWING SCHEDULE BE ESTABLISHED FOR THE DISCOVERY AND TRIAL OF THIS CAUSE, SUBJECT TO MODIFICATION BY THIS COURT FOR JUST CAUSE SHOWN:
 "1. The jury to try this case will be struck on March 1, 1999, and the case is set for trial during the Spring Term (March 1-12, 1999).
 "2. The parties are to exchange lists of witnesses no later than January 4, 1999.
 "3. Discovery to be completed on or before February 19, 1999.
 "4. Any motions for summary judgment or other substantive pleadings to be filed no later than January 22, 1999, the opposing party to have until February 1, 1999, in which to serve any statement or affidavits in opposition.
 "5. Any motion for summary judgment to be heard by the Court on February 18, 1999, at 9:00 a.m. at the Bullock County Courthouse in Union Springs, Alabama.
 "6. Premarked exhibits to be exchanged and a list thereof shall be filed with the Circuit Clerk no later than February 19, 1999.
 "7. Requested jury charges to be filed with the Circuit Clerk by February 19, 1999.
 "8. Objections to exhibits and jury charges to be filed in open court on the first day of trial.
 "9. The parties are to prepare a summary of their contentions and file same with the Circuit Clerk on the first day of trial.
 "10. Any motions in limine to be filed on or before February 26, 1999.
 "11. A settlement/pretrial conference will be held with the Court on February 18, 1999, 9:00 a.m., at the Bullock County Courthouse in Union Springs, Alabama, each party being represented by his/her/its attorney.
 "12. Any request for mediation made pursuant to Alabama Code Section 6-6-20 (Supp. 1996) shall be made prior to February 1, 1999. If such a request for mediation is made, counsel and the parties or a representative with full authority to settle the case shall appear and attend the mediation.
 "13. There will be strict compliance with this order as to all dates unless a change is agreed to by all parties and filed in writing with the clerk of the court.
"DONE this the 10th day of November, 1998."
(Emphasis added.) (R. 1409-10.) The record does not contain any subsequent document changing the date of the hearing on the motions for summary judgment set by this November 10 order.
Although this November 10, 1998, scheduling order reset the date for the hearing on the defendants' motions for summary judgment to February 18, 1999, the trial judge conducted a hearing on the motions on November 18, 1998. Neither the plaintiffs *Page 804 
nor their attorneys attended this hearing. In fact, the record contains a letter sent on the day before the hearing from the plaintiffs' attorney Knox McLaney to the numerous defense attorneys, as well as to the trial judge and to the circuit clerk, which shows the plaintiffs' counsel's reliance on the judge's new scheduling order. That letter states:
 "I have received Judge Gaither's scheduling order in the above referenced case and note that the date for summary judgment hearings has been moved to February 18, 1999. Accordingly, I will not be present tomorrow morning in Union Springs.
 "Although I did not ask that this be done, I certainly appreciate it as I will be traveling to Emory Clinic in Atlanta tomorrow and I am under the orders of my cardiologist to not appear in court."
(R. 1382.) On that same day, the plaintiffs filed a motion and a brief in opposition to the defendants' motions for summary judgment.
On December 22, 1998, the trial judge issued an order granting summary judgment in favor of the defendants. In the same order, the trial judge granted the defendants' motions to strike the plaintiffs' materials in opposition to the summary judgments on the ground that they were not "served at least two (2) days prior to the hearing," as required by Rule 56(c)(2), Ala.R.Civ.P. In his order, the judge acknowledged that "[n]either of the plaintiffs' attorneys were present in court on the hearing date, November 18, 1998, although Attorney Knox McLaney did write a letter (a copy of which was presented to the undersigned judge in open court on November 18, 1998) advising that he could not attend court that day." The judge continued:
 "All hearings proceeded as previously set. (NOTE: Though a scheduling order was issued subsequent to the setting of the Summary Judgment hearing in open court on September 23, 1998, which scheduling order generally included a date for any Summary Judgment Motions, it was clear from the Court's instruction and order of September 23, 1998, that this case's Summary Judgment hearing would be heard on November 18, 1998.)"
(R. 1395-96.) The November 6, 1998, docket notice is the only written evidence of the setting of the November 18, 1998, hearing. The November 10, 1998, order rescheduling the hearing to February 18, 1999, superseded the November 6 docket notice. The plaintiffs filed a motion to set aside the summary judgments in favor of the defendants, but the trial judge summarily denied it.
The defendants maintain that the above-quoted "NOTE" from the trial judge's order evidences that the plaintiffs were aware that "the November scheduling order moving the trial from the November term of court to the Spring term did not effect the November 18, 1998, hearing date for Defendants' Motions for Summary Judgment." (Appellees' brief, p. 6-7.) The record does not support the defendants' contention or the trial judge's recitation. Rather, the record before us establishes that, on July 10, 1998, the trial judge initially set the hearing on the defendants' motions for summary judgment on October 1, 1998; that, on September 23, 1998, the trial judge changed the date for the hearing on the motions to November 18, 1998; and that, on November 10, 1998, the trial judge again changed the date for the hearing on the motions to February 18, 1999. The record does not contain any court documents or orders showing that the trial judge's scheduling order of November 10, 1998, which set the hearing on the defendants' motions for summary judgment for February 18, 1999, did not supersede the judge's order of September 23, 1998, which had set the hearing on the motions for November 18, 1998.
In support of their argument that the trial court erred in conducting a hearing without the presence of the plaintiffs *Page 805 
and their counsel, the plaintiffs cite Rule 78 "Motion Day," Ala.R.Civ.P., which provides, in pertinent part: "To expedite further its business, unless there is a request for oral hearing, the court may enter an order denying a motion to dismiss without oral hearing." (Emphasis added.) The Committee Comments to this rule state: "It is to be noted that the last sentence of the ruleprohibits the granting of a Motion Seeking Final Judgment such asa Motion for Summary Judgment without giving the parties anopportunity to be heard orally." (Emphasis added.) Rule 56(c), Ala.R.Civ.P., itself entitles the parties to a hearing on a motion for summary judgment.[2] See Hicks v. Alabama PestServs., Inc., 548 So.2d 148, 150 (Ala. 1989); and Lightsey v.Bessemer Clinic, P.A., 495 So.2d 35, 38 (Ala.Civ.App. 1986). Although, in certain limited circumstances, a trial court may rule on a motion for summary judgment without conducing a hearing, seePate v. Rollison Logging Equip., Inc., 628 So.2d 337, 341 (Ala. 1993), once the trial court has set a date for a hearing on the motion, the court must allow the nonmoving party an opportunity to be heard. Hill v. Chambless, 757 So.2d 409 (Ala. 2000); andTharp v. Union State Bank, 364 So.2d 335 (Ala.Civ.App. 1978).
Recently, in Hill v. Chambless, this court reversed the trial court's summary judgment in favor of the defendant-police officers because the trial judge had scheduled a hearing on the motion for December 30, 1998, but on December 22, 1998, the judge granted the motion for summary judgment without conducting a hearing. We stated that "[b]ecause Rule 56(c)(2) specifically provides that a nonmoving party has until two days before the date of the hearing to file `any statement or affidavit in opposition' to the motion, we conclude that the trial court erred by ruling eight days before the date of the scheduled hearing." Hill, 757 So.2d at 411. We concluded further that "a nonmoving party has a right to expect that a trial judge, having set a date for a hearing on a summary-judgment motion, will not issue a ruling before that party has had an opportunity to timely respond to the motion." Id. Hill is doubly applicable to the case now before us in that, in this case, the trial judge not only conducted the summary-judgment hearing on the superseded date of November 18, 1998, but also, as his ground for striking the materials the plaintiffs had filed on November 17, 1998, in opposition to the motions for summary judgment, invoked the requirement of Rule 56(c)(2) that materials in opposition "be served at least (2) days prior the hearing."
One purpose of the procedural rights to notice and hearing under Rule 56(c) is to allow the nonmoving party the opportunity to discover and to present evidence opposing the motion for summary judgment. Tharp, 364 So.2d at 338. Although the nonmoving party may waive the requirements of notice and hearing, the "waiver requires knowledge, actual or implied, of the right being waived." Tharp, 364 So.2d at 338 (citing Givens v. GeneralMotors Acceptance Corp., 56 Ala. App. 561, 324 So.2d 277 (1975). In Tharp, the defendant attended a hearing conducted for the purpose of considering a motion to dismiss a counterclaim. However, at that hearing, the trial court also granted summary judgment in favor of the plaintiffs. The defendant objected to the entry of summary judgment on the ground that it was not aware that the summary-judgment motion would be discussed and decided at the hearing. The Tharp court held that "[t]his objection to the entry of *Page 806 
summary judgment and the state of the record showing that ten days had not expired since even the certified date of service [of the motion for summary judgment] negates any claim of waiver." 364 So.2d at 338. The Tharp court noted that the plaintiff's argument that the defendant was not prejudiced by the entry of summary judgment against it was invalid because Rule 56 "is not prefaced upon whether or not the opposing party may successfully defend against summary judgment, [but] it does require that the opportunity to defend be given." Tharp, 364 So.2d at 338.
In the case before us, the last notice of the hearing issued by the trial court reset the hearing date to February 18, 1999. The attorneys were entitled to rely on this notice. See e.g.Sparks v. Alabama Power Co., 679 So.2d 678 (Ala. 1996); andWilliams v. Tyler, 14 Ala. App. 591, 71 So. 51, cert. denied, Exparte Tyler, 198 Ala. 696, 73 So. 1002 (1916). The trial judge knew that the plaintiffs' attorneys had received this notice and knew specifically that one of the plaintiffs' attorneys was relying on the notice. Thus, the trial judge violated the plaintiffs' right to be heard in conducting a hearing on the defendants' motions for summary judgment in the absence of the plaintiffs and their attorneys on the superseded hearing date. Consequently, we reverse the summary judgment in favor of the defendants and we remand this cause for further proceedings.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Cook, and Lyons, JJ., concur.
[1] This date does not actually appear of record except as a recitation in the trial judge's December 22, 1998, summary-judgment order.
[2] Rule 56(c)(2) provides:
 "The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days' notice with the consent of the parties concerned. Subject to subparagraph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing."