THOMPSON, Judge.
Sonja C. Dean appeals from the trial court’s judgment affirming a ruling of the Alabama Department of Industrial Relations (“DIR”); that ruling had denied her request for unemployment-compensation benefits. Dean appealed that ruling to the Jefferson Circuit Court. DIR answered the appeal, arguing that Dean was not eligible for unemployment-compensation benefits. Dean’s former employer, Compass Bank, also answered arguing that Dean was not entitled to unemployment-compensation benefits.
DIR and Compass Bank (hereinafter collectively referred to as the “defendants”) moved for a summary judgment. The trial court scheduled a hearing on that motion for November 2, 2000. However, on October 30, 2000, the court entered a summary judgment in favor of the defendants; in its judgment, the trial court noted that Dean had not filed an opposition to the defendants’ motion for a summary judgment. On October 31, 2000, Dean filed an opposition to the defendants’ motion for a summary judgment. In response to Dean’s opposition to their summary-judgment motion, the defendants filed additional evidence in support of their position.
On November 28, 2000, Dean filed a postjudgment motion pursuant to Rule *1264 59(e), Ala. R. Civ. P. In that motion, Dean argued that the trial court had entered its October 30, 2000, summary judgment before the date on which she was required to file a timely opposition to the defendants’ motion for a summary judgment. Dean’s November 28, 2000, postjudgment motion was denied by operation of law on February 26, 2001. See Rule 59.1, Ala. R. Civ. P. On April 9, 2001, Dean filed a notice of appeal.
On April 13, 2001, the trial court purported to enter an order setting aside its October 30, 2000, summary judgment; it also purported to enter a second summary judgment in favor of the defendants. However, because that order was entered after the expiration of the 90 days from Dean’s postjudgment motion, see Rule 59.1, the trial court was without jurisdiction to enter it. Doe v. Markham, 776 So.2d 757 (Ala.2000); Ex parte Hornsby, 663 So.2d 966 (Ala.1995). Thus, the trial court’s April 13, 2001, order was a nullity.
On appeal, Dean first argues that the trial court erred in granting the defendants’ motion for a summary judgment before the date by which she was required to file an opposition to that motion. A party must file an opposition to a motion for a summary judgment at least two days before a hearing scheduled on that motion. Rule 56(c)(2), Ala. R. Civ. P. Thus, Dean is correct in arguing that her October 31, 2000, opposition to the defendants’ motion for a summary judgment was timely filed two days before the November 2, 2000, hearing scheduled on the defendants’ motion for a summary judgment.
In Hill v. Chambless, 757 So.2d 409 (Ala.2000), the trial court scheduled a December 30, 1998, hearing on the motions for a summary judgment filed by the two defendants, Chambless and Harvey. On December 22, 1998, the trial court granted Chambless’s motion for a summary judgment. On December 28, Hill filed an opposition to both motions for a summary judgment. The court held the hearing on December 30,1998. On January 8,1999, it entered a summary judgment in favor of Harvey. Hill appealed, arguing, among other things, that the trial court had erred in ruling on Chambless’s motion for a summary judgment without affording her the opportunity to file a timely response to that motion. In that case, our supreme court stated:
“In applying the provisions of Rule 56(c), trial courts are given limited discretion. Kelly v. Harrison, 547 So.2d 443, 445 (Ala.1989). In fact, this Court has stated that a trial court may, within its discretion, dispense with the hearing altogether and rule on the motion without any further proceedings. See Pate v. Rollison Logging Equip., Inc., 628 So.2d 337, 341 (Ala.1993). But once a hearing is set, the requirements of procedural due process change accordingly. Because Rule 56(c)(2) specifically provides that a nonmoving party has until two days before the date of the hearing to file ‘any statement or affidavit in opposition’ to the motion, we conclude that the trial court erred by ruling eight days before the date of the scheduled hearing. Rule 1(c), Ala. R. Civ. P., mandates that the Rules of Civil Procedure be construed to ‘secure the just, speedy and inexpensive determination of every action.’ Applying the provisions of that rule to the facts of this case, we conclude that a nonmoving party has a right to expect that a trial judge, having set a date for a hearing on a summary-judgment motion, will not issue a ruling before that party has had an opportunity to timely respond to the motion.”
Hill v. Chambless, 757 So.2d at 411-12 (footnote omitted). The supreme court concluded that the trial court had erred in *1265 entering a summary judgment before conducting the hearing scheduled on the summary-judgment motion. Hill v. Chambless, supra.
In Van Knight v. Smoker, 778 So.2d 801 (Ala.2000), the trial court entered a summary judgment both before the nonmovant had an opportunity to timely respond to the motion for a summary judgment and before the hearing scheduled on that motion. Our supreme court reversed that summary judgment. In so holding, the court noted that “Rule 56 ‘is not prefaced upon whether or not the opposing party may successfully defend against summary judgment, [but] it does require that the opportunity to defend be given.’ ” Van Knight v. Smoker, 778 So.2d at 806 (quoting Tharp v. Union State Bank, 364 So.2d 335, 338 (Ala.Civ.App.1978)).
Based upon the foregoing authority, we must reverse the trial court’s October 30, 2000, summary judgment in favor of the defendants. In so holding, we express no opinion regarding the merits of the parties’ positions. The trial court is directed to conduct a hearing to consider the arguments and evidence already submitted by the parties in support of, and in opposition to, the defendants’ motion for a summary judgment.
Given this holding, we pretermit discussion of the remaining issues raised by Dean on appeal.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.