SHAW, Justice
(dissenting in case no. 1130679).
I respectfully dissent.
/.
I do not believe that the petitioners — the Ferrari defendants — -have demonstrated either a clear legal right to a hearing or that the trial court exceeded its discretion in refusing to grant such a hearing. First, I am not convinced that a “plain reading” of the language of Rule 27, Ala. R. Civ. P., indicates that a hearing is always per se *653 required before a petition filed pursuant to that rule can be granted. Specifically, Rule 27(a)(2) states that “[a]t least thirty (30) days before the date of hearing the notice shall be served.” The lack of an article — such as the word “the” or “a”— before the word “hearing” makes it unclear to me whether the rule is contemplating that an actual in-court proceeding must take place or whether the rule is simply stating that the parties must have an opportunity to be heard. See Sharpe v. State, 560 So.2d 1107, 1111 (Ala.Crim.App. 1989) (noting that the word “hearing” can be synonymous with “an opportunity to be heard” and holding that the use of the latter in Rule 15.4(b), Alabama Temporary Rules of Criminal Procedure, did not require an “adversarial hearing or oral argument” and could instead include a party’s “response] in writing to the merits”). I see nothing in the facts of this case indicating that the Ferrari defendants’ challenge to DR Horton’s verified petition for preaction discovery could be communicated only in a hearing and not in writing. In other words, I see nothing demonstrating the need for the parties to present arguments and evidence in open court. See D.B. Clayton & Assocs. v. McNaughton, 279 Ala. 159, 160, 182 So.2d 890, 891-92 (1966) (“[A] ‘hearing’ ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue inferences from the evidence.”).
In any event, I believe that Rule 27 should be interpreted in the same manner as Rule 56, Ala. R. Civ. P. Rule 56(c)(2) states that a motion for a summary judgment “shall be served at least ten (10) days before the time fixed for the hearing.” Here, the word “hearing” is preceded by the article “the,” thus making clear that it is referring to a proceeding, and not just an opportunity to be heard. Further, this rule, like Rule 27(a)(2), sets a timeline calculated from the date of the hearing. This 10-day period in Rule 56(c)(2), this Court has held, exists to give the nonmov-ant the opportunity to respond before the hearing. Hill v. Chambless, 757 So.2d 409, 411 (Ala.2000).
Despite the clear language in Rule 56(c)(2) that an actual hearing is to occur and the fact that a deadline hinges on the occurrence of this hearing, this Court has held that a hearing is not necessarily required. Hill v. Chambless, 757 So.2d 409, 411 (Ala.2000) (“[T]his Court has stated that a trial court may, within its discretion, dispense with the hearing altogether and rule on the [Rule 56] motion without any further proceedings.”). As we have stated:
“We agree with the general proposition that Rule 56(c) contemplates a hearing before the trial court rules on a motion for summary judgment. Certainly, the nature of summary judgment dictates against a hasty and arbitrary action. As Tharp v. Union State Bank, 364 So.2d 335 (Ala.Civ.App.1978), and Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala.1984), indicate, the requirement of a 10-day notice before the hearing on the motion is based on due process considerations.... But where, as here, the policy considerations of the Rule have been fully satisfied, literal adherence is not required.”
Cofield v. City of Huntsville, 527 So.2d 1259, 1260 (Ala.1988). I see nothing in the language of Rule 27(a)(2) requiring the conclusion that a hearing is mandated when Rule 56(c)(2), which calls for a hearing more strongly than does Rule 27(a)(2), has been interpreted otherwise.
Furthermore, to show reversible error resulting from a failure to conduct a hearing under Rule 56(c)(2), a party must demonstrate prejudice. See Lightsey v. Bessemer Clinic, P.A., 495 So.2d 35, 38 (Ala. 1986) (stating that, while “Rule 56(c) does *654 by its language contemplate a hearing upon a motion for summary judgment,” the failure of the trial court to hold a hearing was harmless); cf. Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826, 828 (Ala.1991). Before concluding that the Ferrari defendants had “a clear legal right” to a hearing, I would determine whether they were actually prejudiced by the trial court’s failure to hold a hearing. In the instant case, the trial court ruled on the verified petition more than 30 days after it was served, and the Ferrari defendants responded to the verified petition within that time. There was thus ample opportunity for the Ferrari defendants to have notice of the petition and to respond accordingly. The mandamus petition is silent as to how the lack of a hearing prejudiced the Ferrari defendants in any way. I see nothing indicating that a lack of a hearing in this case was prejudicial; I would not hold that a trial court per se exceeds its discretion by failing to hold a hearing under Rule 27.

II.

The first sentence of Rule 27(a)(1) states:
“A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party.”
A person may file a petition if he or she desires “to perpetuate that person’s own testimony or that of another person” or if he or she desires “to obtain discovery under Rule 34 or Rule 35 regarding any matter.” The grammar and content of the language shows that there are two different things that may be obtained if desired: testimony to be perpetuated or discovery under Rule 34, Ala. R. Civ. P., or Rule 35, Ala. R. Civ. P. The main opinion “[ajdmit-tedly” concedes that the language reads this way but states that it “does not require such a reading” when read in light of materials outside the actual text of the rule. 171 So.3d at 647. It then suggests that this language “inartful[ly]” states a different point. I would not reject a clear meaning found in the actual text in favor of an “inartful” reading suggested by outside sources.
The main opinion goes on to propose that this sentence actually means that a person may obtain discovery under Rule 34 or Rule 35 only for purposes of perpetuating testimony. This is clearly not what the first sentence of Rule 27(a)(1) says. However, in support of its selection of this reading, the main opinion resorts to, among other things, the Committee Comments. The pertinent comments state:
“As is true of the corresponding federal rule, the primary purpose of Rule 27, like that of the state statutes it superseded, is to perpetuate testimony rather than to make discovery.
[[Image here]]
“However, this rule has been modified to allow limited discovery under Rules 31 and 35 for the purpose of perpetuating evidence pursuant to those rules. This rule permits production and inspection under Rule 34 and physical or mental examination under Rule 35, whether or not testimony is perpetuated. See Vermont Rule 27; 8 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2074 (1970). The discovery permitted under Rule 27(a) and (b) is expressly limited to that available under Rule 34 and Rule 35.”
The Committee Comments — just like Rule 27(a)(1) — make a distinction between “perpetuating] testimony” and “mak[ing] discovery.” As the emphasized portions in the first paragraph indicate, although the “primary purpose” of the rule “is to per *655 petuate testimony,” the language of the rule and Committee Comments identify a secondary purpose:[21] “to make discovery.”
The next quoted paragraph states: “However, this rule has been modified to allow limited discovery under Rules 34 and 35 for the purpose of perpetuating evidence pursuant to those rules.” This would seem to suggest that a prior federal rule might not have allowed “discovery” under Rules 34 and 35 for the purpose of perpetuating evidence but that the Alabama rule does. This does not state that discovery under Rules 34 and 35 is only for the purpose of perpetuating evidence because the next sentence states: “This rule permits production and inspection under Rule 34 and physical or mental examination under Rule 35, whether or not testimony is perpetuated.”
The language of Rule 27(a)(1) suggests that a petitioner may seek to perpetuate testimony and may also seek discovery under Rules 34 and 35. The comments above confirm that the rule allows both purposes (one is primary and the other secondary) and that discovery under Rules 34 and 35 can be for perpetuation purposes but is also “permitted] ... whether or not testimony is perpetuated.”[22]
The main opinion also suggests that Rule 27(a)(1) must be read in pari materia with Rule 27(a)(3). I freely concede that subsection (a)(3) seems to imply that if the trial court is satisfied that the “perpetuation of the testimony may prevent a failure or delay of justice,” then it may grant discovery under Rules 34 and 35. However, it seems odd to describe discovery under those rules as acquiring “testimony.” The production of documents and things and entry upon land for inspection and other purposes under Rule 34 seem to implicate no testimony at all. And although a physical or mental examination of persons under Rule 35 might result in testimony, it does not seem that such testimony is of the sort that could be in need of perpetuation. Further, if we must read the rule in pari materia, what of Rule 27(b), which deals with discovery pending appeal? It states, in part:
“If the court finds that the perpetuation of the testimony or other discovery is proper to avoid a failure or delay of justice, it may make an order as provided in paragraph (3) of subdivision (a) of this rule and thereupon discovery may be had and used in the same manner and under the same conditions as are prescribed in these rules for discovery in actions pending in the circuit court.”
This section characterizes what is available under Rules 34 and 35 as “other discovery [that] is proper to avoid a failure or delay of justice,” which is clearly distinguishable from testimony to be perpetuated, but nevertheless references subsection (a)(3). Reading the entire rule in pari materia, I am unconvinced that we should abandon the clear language of Rule 27(a)(1). Therefore, I would not overrule this Court’s prior decision in Ex parte Anderson, 644 So.2d 961 (Ala.1994).[23]
*656 Most problematic to me, however, is the paucity of argument by the Ferrari defendants on this issue. Specifically, the petition for a writ of mandamus contains one paragraph advancing the argument adopted by the main opinion. Comparing this one paragraph, which cites one case, the federal rule, and our rule and comments, with the complex, scholarly, detailed, and lengthy analysis in the main opinion encompassing many pages, I do not think that the petition demonstrated “a clear legal right in the petitioner to the order sought.” I therefore respectfully dissent.[24]

. If there is a "primary purpose” — here, to perpetuate testimony — then there must be a secondary purpose; otherwise, the primary purpose would be the only purpose.

. The main opinion cites the reporter’s notes to Vermont’s version of Rule 27 in support of its holding. Those notes state that "the rule also permits production and inspection under Rule 34 and physical or mental examination under Rule 35, whether or not a deposition is taken.” The notes further state: "Rule 27(a)(1) provides for a verified petition for perpetuation of testimony or other appropriate discovery....” Again, there is a clear distinction between perpetuation of testimony and "other” discovery.

.I am also not convinced by the petition for a writ of mandamus that the trial court per se exceeded its discretion in ordering answers to written interrogatories. Rule 27(a)(1) speaks *656 generally to the perpetuation of testimony, and the rule as a whole clearly contemplates the use of depositions in doing so. Rule 27(a)(4) specifies that “\i]f a deposition to perpetuate testimony is taken,” then it may be used in accordance with the provisions of Rule 32(a) and (b), Ala. R. Civ. P. Interrogatories are answered under oath (Rule 33(a), Ala. R. Civ. P.), are functionally little different from written depositions, and are generally used in court under Rule 32(a) in the same manner as depositions. Committee Comments on the 1973 Adoption of Rule 33, Ala. R. Civ. P. (‘‘[T]he use of interrogatories is limited by Rule 32(a), as well as by the ordinary rules of evidence.”). Based upon the argument in the petition, I am hard-pressed to see a material difference between answering interrogatories for the purpose of perpetuating testimony and participating in a deposition for the same purpose.

. I express no opinion at this time as to the Ferrari defendants' arguments pretermitted by the holding of the main opinion, including their other objections to the scope of the trial court's order, including the scope of any written interrogatories.