SEE, Justice.
Michael Moore sued Wayne Hughes, an insurance adjuster; Burkholder Insurance, Inc., an insurance agency; GAB Robins North America, Inc., an independent adjusting agency; and certain underwriters at Lloyd’s of London. His claims were based on the denial of his insurance claim for loss of use of his beach condominium during Hurricane Georges in the fall of 1998. He is apparently arguing that he is *883 entitled to recover under his insurance policy for rental income he lost while Hurricane Georges made travel to the Gulf coast impossible. After a protracted discovery effort, in which Moore filed numerous motions to compel discovery, the defendants each moved individually for a summary judgment, providing as support for the motions Moore’s deposition testimony and the insurance policy issued by Lloyd’s of London, which they allege did not cover loss of use. The trial court set a hearing date of September 21, 2001, for the summary-judgment motions.
However, on August 13, 2001, Moore filed a petition for the writ of mandamus with this Court, seeking an order compelling GAB Robins North America, Inc., to produce documents requested in Moore’s third amended request for production. The trial court sent all parties a statement that the hearing on the summary-judgment motions would not be set until after this Court ruled on Moore’s petition for the writ of mandamus. However, on September 19, 2001, before this Court ruled on Moore’s petition for the writ of mandamus, the trial court granted GAB Robins’s and Wayne Hughes’s motions for a summary judgment, and on September 24, 2001, it granted the summary-judgment motions filed by Burkholder Insurance and Lloyd’s of London. Moore appeals the summary judgments.
Moore argues on appeal that the trial court abused its discretion under Rule 78, Ala. R. Civ. P., and under Rule 56(c), Ala. R. Civ. P., in entering a summary judgment when it had informed all parties that it would postpone any hearing on the summary-judgment motions until this Court had ruled on Moore’s petition for the writ of mandamus. Moore alleges that the decision to rule on the summary-judgment motions prejudiced him because, he says, it prevented him from being able to file materials in opposition to the motions for a summary judgment.
Rule 56(c)(2), Ala. R. Civ. P., states that a motion for a summary judgment and all supporting materials must be served at least 10 days before the date set for the hearing, unless all parties agree to waive that deadline, and that statements or affidavits in opposition to a motion for a summary judgment must be served at least 2 days before the hearing. Moore argues that the trial court’s action in notifying the parties that it was suspending the hearing on the summary-judgment motions, originally set for September 21, 2001, until this Court ruled on the petition for the writ of mandamus, of necessity, also suspended Moore’s two-day deadline for serving his materials in opposition to the summary-judgment motions. He therefore was waiting to file his materials in opposition until after he learned of this Court’s decision on his mandamus petition. Moore argues that, in entering a summary judgment without setting a definite hearing date for the motions for a summary judgment, which the trial court had told all parties it would do, the trial court also failed to set a definite deadline by which Moore needed to serve his materials in opposition and thereby deprived him of the opportunity to oppose the motions for a summary judgment.
This Court addressed a similar situation in Hill v. Chambless, 757 So.2d 409 (Ala.2000). In that case, the administrator of an arrestee’s estate brought a § 1983 action against the arresting police officers. After one of the officers moved for a summary judgment, the trial court set a hearing date for the motion. Before the scheduled hearing date, the trial court entered a summary judgment. This Court reversed the summary judgment, stating:
“Because Rule 56(c)(2) specifically provides that a nonmoving party has until *884 two days before the date of the hearing to file ‘any statement or affidavit in opposition’ to the motion, we conclude that the trial court erred in ruling eight days before the date of the scheduled hearing. ... [W]e conclude that a nonmoving party has a right to expect that a trial judge, having set a date for a hearing on a summary-judgment motion, will not issue a ruling before that party has had an opportunity to timely respond to the motion.”
757 So.2d at 411 (footnote omitted). The defendants claim that this case is inappo-site because, they say, no hearing had been set in this case. While they are technically correct — the original date set for the hearing was continued pending this Court’s disposition of the petition for the writ of mandamus and no new hearing date had been set — the trial court did assure all parties that it would, after this Court ruled on the petition for the writ of mandamus, set a date for the hearing, which would also set the deadline for Moore’s filing of any materials in opposition to the motions for a summary judgment.
Moore cites Van Knight v. Smoker, 778 So.2d 801 (Ala.2000), for the proposition that while Rule 78, Ala. R. Civ. P., does state that a court may enter an order denying a motion to dismiss or other motion for a final judgment without oral hearing, granting any motion for a final judgment, such as a motion for a summary judgment, without an opportunity to be heard is prohibited. “Although, in certain limited circumstances, a trial court may rule on a motion for summary judgment without conducting a hearing, once the trial court has set a date for a hearing on the motion, the court must allow the nonmov-ing party an opportunity to be heard.” 778 So.2d at 805 (citation omitted).
The defendants argue that, because the summary judgments were warranted, Moore cannot show that the absence of a hearing on the motions prejudiced him. They cite Hicks v. Alabama Pest Services, Inc., 548 So.2d 148 (Ala.1989), in support of their argument. In Hicks, this Court held that Hicks had no available bad-faith cause of action against the defendants as a matter of law because Hicks did not have an insurance contract with the parties he sued for bad-faith denial of claims and because he did not assert any claim against two other defendants and therefore could not assert a claim against their insurer.
In this case, Moore alleges that the denial of the opportunity to oppose the motions for a summary judgment prejudiced him, and we need not address the merits of Moore’s underlying claims to recognize that,'while he may not ultimately prevail, Moore deserves the opportunity to raise a genuine issue of material fact through his opposition to the motions for a summary judgment. This case is distinguishable from Hicks in that Moore did have an insurance contract with one of the defendants, and he did make a claim that was denied. While the parties may differ over the meaning of the provisions of the policy, to cut off Moore’s opportunity to make a showing of disputed facts to the trial court is to prevent him from having his day in court. We reverse the trial court’s summary judgments, and we remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.