PITTMAN, Judge.
 

 This appeal, transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6), seeks review of an order of the Baldwin Circuit Court granting a motion for a summary judgment filed by the Timbercreek Property Owners Association (“TPOA”), the board of directors of TPOA, and the Timbercreek Architectural Review Board (“TARB”) in one of two consolidated cases in the Baldwin Circuit Court involving certain property owners in a residential subdivision in Baldwin County. We dismiss the appeal as having been taken from a void order.
 

 In June 2007, Elliott Builders, Inc., brought an action against TPOA and TARB in the trial court, which was assigned case no. CV-07-900390 (“the 2007
 
 *1276
 
 action”), seeking declaratory relief and damages arising out of those defendants’ alleged wrongful conduct with respect to their failure to approve the construction of a retaining wall on a lot located in the subdivision; the defendants filed an answer denying liability and asserted a counterclaim seeking declaratory and injunctive relief against Elliott Builders and Chris Elliott, an individual owner of a lot in the subdivision who was named as an additional defendant in the counterclaim. In July 2008, Elliott Builders filed a motion for a summary judgment in the 2007 action; in September 2008, an amended complaint was filed in which Chris Elliott asserted claims against the defendants in the 2007 action. TPOA and TARB filed a motion for a summary judgment as to all claims in the 2007 action. Both of those summary-judgment motions were denied in November 2008. In April 2009, Elliott Builders and Chris Elliott filed, without leave of court, a second amended complaint in the 2007 action adding new tort claims, adding a claim under the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq., and restating other claims previously presented; TPOA and TARB filed an amended answer and counterclaim challenging the procedural propriety of the second amended complaint, asserting defenses to the plaintiffs’ claims, and restating claims against the plaintiffs.
 

 In July 2009, TPOA, its board of directors, and TARB filed a “motion to consolidate” in which they averred that, in April 2009, four other plaintiffs (Robert M. Hoover, John C. Brutkiewicz, Lucille M. Dean, and Paul C. Davis) had brought a separate civil action seeking injunctive relief against them in the trial court, an action that had been assigned case no. CV-09-900412 (“the 2009 action”); the mov-ants requested that the 2007 action and 2009 action be consolidated because of the purported existence of common legal and factual questions. The trial court apparently granted the relief requested because the record contains a motion filed by the plaintiffs in the two actions seeking separate trials in which the plaintiffs acknowledge that a consolidation order had been entered in the 2009 action. It also appears that, in an amended complaint filed in the 2009 action in July 2009, Chris Elliott, Elliott Builders, and Sterling Hershiser joined as plaintiffs in the 2009 action, although the record does not contain that amended pleading. In September 2009, TPOA, its board of directors, and TARB filed an answer and asserted counterclaims in the 2009 action seeking injunctive relief, declaratory relief, and damages for an alleged breach of contract; that pleading stated claims against, among other parties, Hoover (who apparently had been dropped as a plaintiff in the 2009 action) and his wife (who had never been a plaintiff in either action).
 

 In July 2009, a new round of dispositive motions began. First, in that month, the plaintiffs in the 2009 action filed a summary-judgment motion (which does not appear in the record). Elliott Builders and Chris Elliott moved in August 2009 for the entry of a partial summary judgment in their favor as to various claims and counterclaims in the 2007 action. TPOA, its board of directors, and TARB filed responses to those motions and filed a motion for a summary judgment as to the claims asserted in the plaintiffs’ “amended complaint” (apparently, the amended complaint filed in the 2009 action); the motion did not seek a summary judgment as to any counterclaim. The plaintiffs in both cases moved to strike various evidentiary exhibits that were filed in support of the summary-judgment motion filed by TPOA, its board of directors, and TARB, as well as those defendants’ filings in opposition to the August 2009 partial-summary-judg
 
 *1277
 
 ment motion filed by Chris Elliott and Elliott Builders. Finally, it appears that four of the plaintiffs in the 2009 action (Hoover, Brutkiewicz, Dean, and Davis) were permitted in September 2009 to voluntarily dismiss, without prejudice, their claims in the 2009 action; although the order granting those parties’ request does not appear in the record, a motion filed by TPOA, its board of directors, and TARB sought amendment of that dismissal order to direct that the dismissal be with prejudice.
 
 [1]
 

 On November 17, 2009, the trial court, in the 2007 action, simultaneously rendered and entered, by transmitting electronic documents to the State Judicial Information System (“SJIS”), four orders. Two of the orders denied motions to strike that had been filed by the plaintiffs; one order denied the partial-summary-judgment motion filed by Elliott Builders (and Chris Elliott); and a fourth order granted the summary-judgment motion filed by TPOA, its board, and TARB. Because the orders did not adjudicate all claims as to all parties in the 2007 action, the orders were not final and appealable.
 
 See
 
 Rule 54(b), Ala. R. Civ. P.
 

 On December 18, 2009, Chris Elliott and Elliott Builders moved the trial court for the express direction of the entry of a final judgment
 
 as to the denial of their August 2009 partial-summary-judgment motion in the 2007 action.
 
 On December 23, 2009, a notice of appeal was filed on behalf of the “Plaintiffs,” identified in the style solely as “Robert M. Hoover, et al.” from the “Summary Judgment in favor of Defendants” (which, as we have noted, was entered in response to a motion directed to the amended complaint in the 2009 action, not the 2007 action). That appeal, pursuant to § 12-2-7(6), Aa.Code 1975, was transferred to this court, where it was assigned case no. 2090361. This court called for supplemental briefs from the parties regarding whether a final, appeal-able judgment had been entered. Replies to that order indicated that the trial court, on January 29, 2010, had directed the entry of a final judgment in the 2007 action as to the denial of the August 2009 partial-summary-judgment motion filed by Chris Elliott and Elliott Builders. The “Appellants/Plaintiffs” (listed as being Brutkiew-icz, Dean, Davis, Chris Elliott, and Elliott Builders) filed a motion to voluntarily dismiss the appeal in case no. 2090361, and this court entered an order granting that motion on March 11, 2010.
 

 Rule 41, Aa. R.App. P., provides that, in the absence of an appellate court’s order to the contrary, that court’s certificate of judgment finally terminating appellate proceedings in a case will not issue contemporaneously with the entry of a judgment in the case, but will be withheld for either 18 days or until final disposition of a rehearing application and/or final action upon a certiorari petition, whichever is later. It is well settled that a judgment of an intermediate appellate court in this state “ ‘is not final until that court issues its certificate of judgment.’ ”
 
 Ex parte Tiongson,
 
 765 So.2d 643, 643 (Ala.2000) (quoting
 
 Jackson v. State,
 
 566 So.2d 758, 759 n. 2 (Ala.1990)). This court’s certificate of judgment in case no. 2090361 did not issue until March 29, 2010. However, before this court’s jurisdiction over the ease had ceased, counsel for the plaintiffs in both the 2007 action and the 2009 action filed a request for an “expedited” hearing to be held on March 23, 2010, to issue further orders in the two cases. On March 25, 2010, again before this court’s certificate of judgment in case no. 2090361 had been issued, the trial court rendered an order purporting (a) to “grant[] by order of 11/16/09”
 
 (sic;
 
 actually November
 
 *1278
 
 17, 2009) the summary-judgment motion filed by TPOA, its board of directors, and TARB in the 2009 action; (b) to deny the September 2009 partial-summary-judgment motion filed by Elliott Builders and Chris Elliott in the 2007 action; (c) to deny the summary-judgment motion filed by the plaintiffs in the 2009 action; (d) to deny the plaintiffs’ motions to strike evidentiary exhibits filed by the defendants; and (e) to direct the entry of a final judgment as to the March 25, 2010, order. The 2007 action and 2009 action were also ordered deconsolidated, and the trial court stated that the 2009 action would remain on the trial court’s docket. That order, issued on a separate paper, was not immediately transmitted to SJIS, but was entered four days later.
 
 See
 
 Rule 58(c), Ala. R. Civ. P.
 

 On May 5, 2010, within the time specified in Rule 4(a), Ala. R.App. P., for taking an appeal from a final judgment, a notice of appeal was filed by “Plaintiffs,” again identified in the style solely as “Robert M. Hoover, et al.,” as to the “Summary Judgment in favor of Defendants.” That appeal, following its transfer to this court pursuant to Ala. Code 1975, § 12-2-7(6), has been assigned case no. 2090754 by this court. The second notice of appeal differs from the notice of appeal filed in case no. 2090361, which refers to the case number of the 2007 action (CV-07-900390), because the current notice of appeal refers to the case number in the 2009 action (CV-09-900412). However, a motion filed in this case seeking to incorporate the record from case no. 2090361 into the record on appeal in this case (which this court granted on May 18, 2010) belies the significance of that facial distinction. That motion identifies the appellants as Brutkiewicz, Dean, Davis, Chris Elliott, and Elliott Builders (as well as Hershiser, who was not listed in the voluntary-dismissal motion in case no. 2090361), and the appellants notably admit in that motion that they “previously appealed [from] the trial court’s order granting [a] summary judgment in favor of Defendants” and that that appeal was case no. 2090361.
 

 After a careful examination of the record on appeal following the submission of this case for decision, we must conclude,
 
 ex mero motu,
 
 that there is no valid final judgment that will support our appellate jurisdiction; thus, we must dismiss the appeal in this case.
 
 See Bibb v. Boyd,
 
 417 So.2d 206, 208 (Ala.Civ.App.1982). As we have noted, the remaining plaintiffs in the 2009 action, on December 23, 2009, attempted to appeal from the trial court’s nonfinal order of November 17, 2009, granting the summary-judgment motion filed by TPOA, its board of directors, and TARB as to the amended complaint in the 2009 action. This court granted, on March 11, 2010, the plaintiffs’ motion for a voluntary dismissal of that appeal (case no. 2090361); however, the plaintiffs then sought an “expedited” hearing in the trial court during the continued pendency of the first appeal, and, on March 25, the trial court purported to render an order pursuant to Rule 54(b) directing the entry of a final judgment as to the very summary-judgment ruling that was still in the breast of this court, awaiting notice of any potential rehearing application or certiorari petition.
 

 “It is well settled that ‘[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.’ ”
 
 Portis v. Alabama State Tenure Comm’n,
 
 863 So.2d 1125, 1126 (Ala.Civ.App.2003) (quoting
 
 Ward v. Ullery,
 
 412 So.2d 796, 797 (Ala.Civ.App.1982)). On the date that the trial court purported to “finalize” its November 17, 2009,
 
 order
 
 — ie., attempted to make final its order granting the summary-judgment motion filed by TPOA, its board of directors, and TARB, in the 2009 action— jurisdiction as to that November 17, 2009, order was not then in that court.
 
 See
 
 
 *1279
 

 Foster v. Greer & Sons, Inc.,
 
 446 So.2d 605, 607-09 (Ala.1984) (trial court cannot retroactively confer finality upon a nonfi-nal judgment through use of Rule 54(b) certification after appeal had already been taken from the nonfinal judgment; only the appellate court can restore such jurisdiction via a limited remand).
 
 [2]
 
 Thus, even though the “ministerial act” of recording the trial court’s Rule 54(b) order in SJIS fortuitously occurred on the same date that this court issued its certificate of judgment (March 29, 2010), the “judicial pronouncement of’ the Rule 54(b) order took place when the trial judge did not have jurisdiction to act as to the November 17, 2009, summary-judgment order
 
 (see generally
 
 Rule 58, Ala. R. Civ. P., Committee Comments on 1973 Adoption); thus, that order is void and will not support an appeal.
 
 Bibb, supra.
 

 For the reasons stated herein, we dismiss the appeal as being from a void judgment. After this court’s certificate of judgment in this appeal is issued, the trial court will again have jurisdiction, pursuant to Rule 54(b), to determine whether to direct the entry of a final judgment as to any order adjudicating less than all claims as to all parties for which there may be no just reason for delay in seeking appellate review. In reaching this conclusion, we necessarily reject the appellees’ view that the appeal should be dismissed as having been untimely filed.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . The record does not reflect that the trial court acted on that motion.
 

 [2]
 

 .
 
 Foster
 
 was overruled on other grounds by
 
 Ex parte Andrews,
 
 520 So.2d 507 (Ala.1987).