PITTMAN, Judge.
These appeals are taken in consolidated cases involving the operation of the Tim-bercreek Property Owners Association (“TPOA”), the board of directors of TPOA, and the Timbercreek Architectural Review Board (“TARB”). We summarized much of the pertinent procedural history involving these litigants in an opinion rendered in a previous appeal, Elliott Builders, Inc. v. Timbercreek Property Oumers Ass’n, 73 So.3d 1274 (Ala.Civ.App.2011), which was actually the second of two previous appeals arising from the underlying trial-court litigation:
“In June 2007, Elliott Builders, Inc., brought an action against TPOA and TARB in the trial court, which was assigned case no. CV-07-900390 (‘the 2007 action’), seeking declaratory relief and damages arising out of those defendants’ alleged wrongful conduct with respect to their failure to approve the construction of a retaining wall on a lot located in the [Timbercreek] subdivision; the defendants filed an answer denying liability and asserted a counterclaim seeking declaratory and injunctive relief against Elliott Builders and Chris Elliott, an individual owner of a lot in the subdivision who was named as an additional defendant in the counterclaim. In July 2008, Elliott Builders filed a motion for a summary judgment in the 2007 action; in September 2008, an amended complaint was filed in which Chris Elliott asserted claims against the defendants in the 2007 action. TPOA and TARB filed a motion for a summary judgment as to all claims in the 2007 action. Both of those summary-judgment motions were denied in November 2008. In April 2009, Elliott Builders and Chris Elliott filed, without leave of court, a second amended complaint in the 2007 action adding new tort claims, adding a claim under the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq., and restating other claims previously presented; TPOA and TARB filed an amended answer and counterclaim challenging the procedural propriety of the second amended complaint, asserting defenses to the plaintiffs’ claims, and restating claims against the plaintiffs.
“In July 2009, TPOA, its board of directors, and TARB filed a ‘motion to consolidate’ in which they averred that, in April 2009, four other plaintiffs (Robert M. Hoover, John C. Brutkiewicz, Lucille M. Dean, and Paul C. Davis) had brought a separate civil action seeking injunctive relief against them in the trial court, an action that had been assigned case no. CV-09-900412 (‘the 2009 action’); the movants requested that the 2007 action and 2009 action be consolidated because of the purported existence of common legal and factual questions. The trial court apparently *758 granted the relief requested because the record contains a motion filed by the plaintiffs in the two actions seeking separate trials in which the plaintiffs acknowledge that a consolidation order had been entered in. the 2009 action. It also appears that, in an amended complaint filed in the 2009 action in July 2009, Chris Elliott, Elliott Builders, and Sterling Hershiser joined as plaintiffs in the 2009 action, although the record does not contain that amended pleading. In September 2009, TPOA, its board of directors, and TARB filed an answer and asserted counterclaims in the 2009 action seeking injunctive relief, declaratory relief, and damages for an alleged breach of contract; that pleading stated claims against, among other parties, Hoover (who apparently was dropped as a plaintiff in the 2009 action) and his wife (who had never been a plaintiff in either action).
“In July 2009, a new round of dispos-itive motions began. First, in that month, the plaintiffs in the 2009 action filed a summary-judgment motion (which does not appear in the record). Elliott Builders and Chris Elliott moved in August 2009 for the entry of a partial summary judgment in their favor as to various claims and counterclaims in the 2007 action. TPOA, its board of directors, and TARB filed responses to those motions and filed a motion for a summary judgment as to the claims asserted in ■ the plaintiffs’ ‘amended complaint’ (apparently, the amended complaint filed in the 2009 action); the motion did not seek a summary judgment as to any counterclaim. The plaintiffs in both cases moved to strike various evidentiary exhibits that were filed in support of the summary-judgment motion filed by TPOA, its board of directors, and TARB, as well as those defendants’ filings in opposition to the August 2009 partial-summary-judgment motion filed by Chris Elliott and Elliott Builders. Finally, it appears that four of the plaintiffs in the 2009 action (Hoover, Brutkiewicz, Dean, and Davis) were permitted in September 2009 to voluntarily dismiss, without prejudice, their claims in the 2009 action; although the order granting those parties’ request does not appear in the record, a motion filed by TPOA, its board of directors, and TARB sought amendment of that dismissal order to direct that the dismissal be with prejudice.[1]
“On November 17, 2009, the trial court, in the 2007 action, simultaneously rendered and entered, by transmitting electronic documents to the State Judicial Information System (‘SJIS’), four orders. Two of the orders denied motions to strike that had been filed by the plaintiffs; one order denied the partial-summary-judgment motion filed by Elliott Builders (and Chris Elliott); and a fourth order granted the summary-judgment motion filed by TPOA, its board, and TARB. Because the orders did not adjudicate all claims as to all parties in the 2007 action, the orders were not final and appealable. See Rule 54(b), Ala. R. Civ. P.
“On December 18, 2009, Chris Elliott and Elliott Builders moved the trial court for the express direction of entry of a final judgment as to the denial of their August 2009 partial-summary-judgment motion in the 2007 action. On December 23, 2009, a notice of appeal was filed on behalf of the ‘Plaintiffs,’ identified in the style solely as ‘Robert M. Hoover, et al.’ from the ‘Summary Judgment in favor of Defendants’ (which, as we have noted, was entered in response to a motion directed to the amended complaint in the 2009 *759 action, not the 2007 action). That appeal, pursuant to § 12-2-7(6), Ala.Code 1975, was transferred to this court, where it was assigned case no. 2090361. This court called for supplemental briefs from the parties regarding whether a final, appealable judgment had been entered. Replies to that order indicated that the trial court, on January 29, 2010, had directed the entry of a final judgment in the 2007 action as to the denial of the August 2009 partial-summary-judgment motion filed by Chris Elliott and Elliott Builders. The ‘Appellants/Plaintiffs’ (listed as being Brut-kiewicz, Dean, Davis, Chris Elliott, and Elliott Builders) filed a motion to voluntarily dismiss the appeal in case no. 2090361, and this court entered an order granting that motion on March 11, 2010.
“Rule 41, Ala. R.App. P., provides that, in the absence of an appellate court’s order to the contrary, that court’s certificate of judgment finally terminating appellate proceedings in a case will not issue contemporaneously with the entry of a judgment in the case, but will be withheld for either 18 days or until final disposition of a rehearing application and/or final action upon a cer-tiorari petition, whichever is later. It is well settled that a judgment of an intermediate appellate court in this state ‘ “is not final until that court issues its certificate of judgment.” ’ Ex parte Tiong-son, 765 So.2d 643 (Ala.2000) (quoting Jackson v. State, 566 So.2d 758, 759 n. 2 (Ala.1990)). This court’s certificate of judgment in case no. 2090361 did not issue until March 29, 2010. However, before this court’s jurisdiction over the case had ceased, counsel for the plaintiffs in both the 2007 action and the 2009 action filed a request for an ‘expedited’ hearing to be held on March 23, 2010, to issue further orders in the two cases. On March 25, 2010, again before this court’s certificate of judgment in case no. 2090361 had been issued, the trial court rendered an order purporting (a) to ‘grant[] by order of 11/16/09’ (sic; actually November 17, 2009) the summary-judgment motion filed by TPOA, its board of directors, and TARB in the 2009 action; (b) to deny the September 2009 partial-summary-judgment motion filed by Elliott Builders and Chris Elliott in the 2007 action; (c) to deny the summary-judgment motion filed by the plaintiffs in the 2009 action; (d) to deny the plaintiffs’ motions to strike eviden-tiary exhibits filed by the defendants; and (e) to direct the entry of a final judgment as to the March 25, 2010, order. The 2007 action and 2009 action were also ordered deconsolidated, and the trial court stated that the 2009 action would remain on the trial court’s docket. That order, issued on a separate paper, was not immediately transmitted to SJIS, but was entered four days later. See Rule 58(c), Ala. R. Civ. P.
“On May 5, 2010, within the time specified in Rule 4(a), Ala. R.App. P., for taking an appeal from a final judgment, a notice of appeal was filed by ‘Plaintiffs,’ again identified in the style solely as ‘Robert M. Hoover, et al.,’ as to the ‘Summary Judgment in favor of Defendants.’ That appeal, following its transfer to this court pursuant to Ala.Code 1975, § 12-2-7(6), has been assigned case no. 2090754 by this court. The second notice of appeal differs from the notice of appeal filed in case no. 2090361, which refers to the case number of the 2007 action (CV-07-900390), because the current notice of appeal refers to the case number in the 2009 action (CV-09-900412). However, a motion filed in this case seeking to incorporate the record from case no. 2090361 into the record on *760 appeal in this ease (which this court granted on May 18, 2010) belies the significance of that facial distinction. That motion identifies the appellants as Brutkiewiez, Dean, Davis, Chris Elliott, and Elliott Builders (as well as Hershiser, who was not listed in the voluntary-dismissal motion in case no. 2090361), and the appellants notably admit in that motion that they ‘previously appealed [from] the trial court’s order granting [a] summary judgment in favor of Defendants’ and that that appeal was case no. 2090361.
[[Image here]]
“1 The record does not reflect that the trial court acted on that motion.”
73 So.3d at 1275-78 (emphasis added). We dismissed the second appeal, reasoning that “there [was] no valid final judgment that [would] support our appellate jurisdiction” because “the trial court [had] purported to ‘finalize’ its November 17, 2009, order ... [when] jurisdiction as to that ... order was not then in that court”; we opined that, “[ajfter this court’s certificate of judgment in [the second] appeal [was] issued, the trial court [would] again have jurisdiction, pursuant to Rule 54(b), to determine whether to direct the entry of a final judgment as to any order adjudicating less than all claims as to all parties for which there may be no just reason for delay in seeking appellate review.” 73 So.3d at 1278-79. On remand from our dismissal of the second appeal, the trial court entered an order on November 29, 2011, deconsolidating the 2007 case and the 2009 case, stating that “[t]he Defendants’ motion for summary judgment as to all Plaintiffs’ claims in the then-consolidated actions is GRANTED by order of November 17, 2009,” stating that the plaintiffs’ motions seeking summary judgments or partial summary judgments in their favor and to strike filings of the defendants in the formerly consolidated actions were denied “by orders of November 17, 2009,” and directing the entry of a final judgment as to the partial summary judgment in favor of the defendants in the two cases. Notices of appeal were filed on December 22, 2011, in the 2007 action and in the 2009 action by “Elliott Builders, Inc., et al.”; those appeals were transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6), and have been consolidated.
In the statement of jurisdiction appearing in their joint brief filed in both appeals, TPOA, its board, and TARB (hereinafter referred to collectively as “the defendants”) contend that the appeals are an untimely effort to secure appellate review of the November 17, 2009, order. However, as the appellants in these actions {i.e., the plaintiffs below) correctly note, that order did not adjudicate all claims as to all parties. The first attempt by the trial court, on January 29, 2010, to direct the entry of a final judgment — and the basis, such as it was, of the first appeal involving the parties — was instigated by Chris Elliott and Elliott Builders’ motion seeking an order purporting to direct the entry of a final judgment solely as to the denial of the August 2009 partial-summary-judgment motion that they had filed in the 2007 action, a fact evidenced by the trial court’s statement in its January 29, 2010, order that the partial-summary-judgment motion had been denied and that that order would be certified as a final judgment. A trial court’s order denying a summary-judgment motion is, however, inherently nonfinal and cannot properly be made final and appealable through resort to Rule 54(b). See Ohio Cas. Ins. Co. v. Bailey, 814 So.2d 889, 892 (Ala.Civ.App.2001). Thus, the plaintiffs involved in the first appeal, by moving for a voluntary dismissal of that appeal, correctly anticipated that their appeal would be susceptible to involuntary dismissal on jurisdictional grounds. Further, although the plaintiffs again tried *761 to elicit an order in compliance with Rule 54(b), the trial court did not stay its hand long enough for this court to issue its certificate of judgment as to the first appeal, a fact that rendered the trial court’s order giving rise to the second appeal void and necessitating the dismissal of the second appeal. It is only now, after the trial court has entered an order that directs the entry of a final judgment in favor of the defendants in both the 2007 action and the 2009 action, that this court has been presented with proper appellate jurisdiction, and we reject the defendants’ contention that the appeals are untimely. Likewise, however, we necessarily cannot accept the position of the plaintiffs in their brief in case no. 2110758 that the trial court’s order does not actually apply to the 2007 action.
We now turn to the merits of the appeals, starting with the appeal in the 2009 action (case no. 2110759). The complaint in the 2009 action, as last amended, listed Robert M. Hoover, John C. Brut-kiewicz, Lucille M. Dean, Paul C. Davis, Sterling Hershiser, Chris Elliott, and Elliott Builders as named plaintiffs and TPOA, its board of directors, and TARB as defendants; the plaintiffs sought, in that action, a declaration that a particular section of the Timbercreek Residential Design Guidelines (“the guidelines”) pertaining to enforcement of the substantive provisions thereof (i.e., Section Seven) should be deemed void, an injunction against the filing of liens against TPOA members that included alleged penalty claims and attorney-fee-award requests, and an injunction to require the board of TPOA to hold a special meeting to elect directors rather than appoint them. The defendants’ counterclaim sought a judgment declaring that the board of TPOA had the authority to approve amendments to the guidelines and sought enforcement of the guidelines as to Hoover’s property. As we have noted, the defendants successfully moved for a summary judgment as to the claims asserted in the amended complaint in the 2009 action, which has been certified as a final judgment. We thus apply the following standard of review:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted).
The evidentiary submissions by the respective parties, among other things, placed before the trial court certain pertinent documents governing the operation of TPOA and TARB. Among those documents were (a) an amended and restated declaration of rights, covenants, restrictions, affirmative obligations, and conditions applicable to the properties in the Timbercreek subdivision that had been recorded in the Baldwin Probate Court by Timbercreek Land Co., Inc., the subdivision developer; (b) restated articles of incorporation of TPOA, which is a nonprofit corporation; (c) the bylaws of TPOA; and (d) the guidelines. The core issue in case no. 2110759, the appeal arising from the 2009 action, is whether Section Seven — the *762 enforcement section — of the guidelines was validly adopted by a properly constituted board of directors of TPOA.
The plaintiffs and the defendants in the 2009 action vehemently disagree concerning the general authority of the board of TPOA to act on behalf of TPOA to adopt Section Seven of the guidelines and the board’s authority to adopt and enforce the specific provisions of Section Seven. In resolving the dispute, we are guided by our decision in Miller v. Miller’s Landing, L.L.C., 29 So.3d 228 (Ala.Civ.App.2009), in which we reasoned that amendments to restrictive covenants adopted by a common-interest community such as the subdivision governed by TPOA must be “reasonable,” which necessarily entails consideration of whether the amendment in question was adopted “in compliance with the procedural requirements of the governing documents of the subdivision.” 29 So.3d at 236.
The plaintiffs in the 2009 action contend that the trial court overlooked provisions in the pertinent governing documents tending to indicate that the board of TPOA was not lawfully constituted so as to have the authority to act on behalf of TPOA in any regard, much less to promulgate the enforcement section of the guidelines. They base their contention in this regard upon the absence, in years after 2005, of a quorum of members of TPOA at the annual February meeting of TPOA at which directors are scheduled to be elected.
In Article IX of the subdivision declarations, subject to which all property in the Timbercreek subdivision is held, it is declared that TPOA consists of a membership inclusive of all property owners in the subdivision. Article XII further states that TPOA may, through its board of directors, take “any and all actions necessary in the discretion of the [bjoard to enforce this Declaration and all other covenants and restrictions affecting the properties of’ TPOA and can “exercise ... any rights reserved by the Developer [of the subdivision] and transferred by the Developer to [TPOA].”[1] Among the rights granted to the developer in the declaration, and which necessarily passed to TPOA, was the power to “publish Timber-Creek Design Guidelines, as amended, from time to time which will set forth minimum criteria and, controls for construction of improvements on the Property” (emphasis added). However, the declarations do not address the composition of the board of TPOA.
Article VII of TPOA’s articles of incorporation states that the board of TPOA shall “consist[ ] of not less than three (3) nor more than seven (7) persons.” The board’s membership is more fully provided for in the bylaws of TPOA. Article V.G.2. of the bylaws, which pertains to voting procedures at meetings of the membership of TPOA, provides for the election of directors every February by the members of TPOA at the annual members’ meeting; under that subdivision of the bylaws, a candidate receiving a majority of votes entitled to be cast by members is deemed “elected to [a] director’s position.” However, Article V.F. of the bylaws provides a quorum requirement of “fifty-one percent (51%) of the total number of votes that may be cast as to “any action which is subject to a vote of the [m]embers of ... TPOA” and states that, if such a quorum is not obtained at a scheduled meeting, “one (1) or more subsequent meetings may be called for the same purpose, subject to ten (10) days written notice of each such sub *763 sequent meeting being provided to all” members of TPOA (emphasis added). The import of the quorum provision is magnified in this case because it is undisputed that, although TPOA has held its annual meeting every February for the purpose of, among other things, electing directors, a quorum of members has not yet been obtained at a TPOA annual meeting.
Assuming, without deciding, that the absence of a quorum at the annual meeting deprives the election of directors of any legal efficacy, the bylaws likewise provide for an alternate method for filling vacancies on TPOA’s board. In Article VI.G., the bylaws state that, with two exceptions not here pertinent (dealing with the initial classes of TPOA directors in 1994 and TPOA directors formerly appointed by the subdivision developer), “[b]oard [mjembers may be filled for the unexpired term, and until the [mjembers shall have elected a successor, by the [cjhairman, subject to approval of the [bjoard.” The clear intent of the bylaws is to place the choice of new directors within the approval power of the board of TPOA in instances where vacancies occur in those offices, such as when the absence of a quorum of qualified members at an annual meeting prevents the candidate who receives the majority of the votes from the balloting from being deemed “elected” under Article V.[2] In so concluding, we necessarily reject the plaintiffs’ contention that Article VI.G. is triggered only in cases referred to in Article VI.C., which states that directors shall be chosen by election “except in case of death, resignation, retirement, disqualification, or removal”; there is no indication that the drafters of the bylaws of TPOA intended to exhaustively delimit all the ways that a director’s seat might become vacant.
Thus, the fundamental premise that underlies the plaintiffs’ argument against the validity and effect of Section Seven of the guidelines for the Timber-creek subdivision — that the board of TPOA was necessarily illicitly constituted — fails as a matter of law. Stated another way, although Miller invites reviewing courts to take into account whether the conduct of a body administering subdivision restrictions has acted in compliance with the governing documents of the subdivision, we perceive no error in the trial court’s apparent conclusion that TPOA, acting through its board of directors, had not been unlawfully constituted at the time that it adopted Section Seven in early 2007.
We likewise conclude that the board of directors of TPOA did not act outside its authority in promulgating Section Seven. As we have noted, the board, as the successor of the developer, acceded to the developer’s authority under the subdivision declarations to publish guidelines so as to set forth controls for construction of improvements in the Timber-creek subdivision. Further, Article XII of the declarations expressly provides that the board of TPOA “shall have the power, upon violation of the Declaration, ByLaws, or any rules and regulations, ... to impose reasonable monetary fines” that “constitute a lien upon the property of the *764 [o]wner guilty of ... such violation” and to enforce such a lien “in a like manner to” liens for common-area assessments provided for in Section 11.01 of the declarations. We cannot conclude that the actions of the board of TPOA fall outside that body’s express authority to control the process of construction of improvements in the Timbercreek subdivision and to impose monetary fines for violations of substantive provisions of the governing subdivision documents, nor do we find merit in the plaintiffs’ additional argument that those actions somehow amount to an amendment of Section 11.01 of the subdivision-declarations document pertaining to collection actions against owners in the subdivision who have failed to pay “ordinary” annual and special assessments when due simply because the pertinent article is cited in the declarations.
Finally, in their brief in case no. 2110759, the plaintiffs assert that the penalties set forth in Section Seven of the Guidelines (ie., a $20-per-day fine for continuing violations of the substantive provisions of the guidelines after receipt of a second written notice thereof and a $10,000 liquidated-damages provision triggered upon a judicial determination that a condition fails to confoi’m with the guidelines) are void as violative of public policy. Assuming, without deciding, that those provisions are not severable from the remainder of Section Seven, we note the plaintiffs’ admission in their brief that that issue was raised in a motion for a partial summary judgment filed in the 2007 case. Because we cannot determine that the trial court was placed on notice that a ruling in favor of TPOA, its board, and TARB in the 2009 case would have been erroneous on the grounds asserted by Elliott Builders and Elliott in the 2007 case, we conclude that the issue has not been preserved for appellate review in case no. 2110759. See Cash v. Usrey, 278 Ala. 313, 315, 178 So.2d 91, 93 (1965) (appellate review will not extend to issues as to which “the judge had made no ruling adverse to appellant on the specific matter complained of’); cf. Ex parte Green, 221 Ala. 415, 418, 129 So. 69, 71 (1930) (consolidation of cases does not make the parties in one suit parties to the other or change the issues in the respective cases; rights of parties “ ‘must still turn upon the pleadings, proof and proceedings in the respective cases.’ ” (quoting 1 Corpus Juris, 1137)).
Although we conclude that the plaintiffs’ appeal from the partial summary judgment entered in the 2009 case does not state a valid basis for reversal, we reach a different conclusion as to the appeal taken by Elliott Builders and Elliott in the 2007 action (case no. 2110758). To the extent that the trial court’s order of November 29, 2011, purported to rule that that court’s November 17, 2009, order applied to “all Plaintiffs’ claims in the then-consolidated cases,” we agree with Elliott Builders and Elliott that the trial court acted outside its discretion in purporting to enter a summary judgment in favor of TPOA and TARB in the 2007 action. The record reveals that Elliott Builders and Elliott, on September 11, 2009, moved for the entry of a partial summary judgment on various claims they had asserted, and on counterclaims as to which they had been defending, in the 2007 action; that motion was set by the trial court for a hearing on Tuesday, September 22, 2009. On Friday, September 18, 2009, two business days before that scheduled hearing, TPOA, its board, and TARB filed a response in which they themselves moved for a summary judgment. Although the trial court did not schedule a hearing to address the motion filed by TPOA, its board, and TARB, the trial court heard arguments on that motion on September 22, 2009, at the hearing that had been scheduled for presentation of the partial-summary-judgment motion filed by Elliott Builders and Elliott. *765 Elliott Builders and Elliott, in their appellate brief in case no. 2110758, correctly note that, under Rules 6(a) and 56(c)(2), Ala. R. Civ. P., the earliest that the trial court could properly have scheduled a hearing on the summary-judgment motion filed by the defendants in the 2007 action on September 18, 2009, would have been October 5, 2009. Because the trial court proceeded to hear that motion on September 22, 2009, it effectively foreclosed any chance Elliott Builders and Elliott could have had to properly present evidence in opposition, because Rule 56(c)(2) also requires that matters in opposition to a summary-judgment motion must be filed and served two days (ie. two business days, see Rule 6(a), Ala. R. Civ. P.) before the hearing on the motion. In proceeding to hear the defendants’ motion, and in ultimately ruling in the defendants’ favor on all claims asserted by Elliott Builders and Elliott in the 2007 action, the trial court failed to comply with the notice requirements embodied in Rule 56(c)(2).
In Moore v. GAB Robins North America, Inc., 840 So.2d 882 (Ala.2002), a trial court granted four defendants’ summary-judgment motions despite having, in effect, vacated an order setting a hearing date as to those motions, prompting the plaintiff to appeal and to contend, apparently for the first time on appeal, that the cumulative effect of the trial court’s actions had prevented him from presenting an effective opposition to the summary-judgment motions. 840 So.2d at 883. Our supreme court acknowledged the manifest injustice resulting from the trial court’s rulings in that case:
“In this case, [the plaintiff] alleges that the denial of the opportunity to oppose the motions for a summary judgment prejudiced him, and we need not address the merits of [his] underlying claims to recognize that, while he may not ultimately prevail, [he] deserves the opportunity to raise a genuine issue of material fact through his opposition to the motions for a summary judgment. ... While the parties may differ over the meaning of the provisions of the policy, to cut off [the plaintiffs] opportunity to make a showing of disputed facts to the trial court is to prevent him from having his day in court.”
840 So.2d at 884.
The appeal taken by Elliott Builders and Elliott in the 2007 case presents a similar profile: plaintiffs who were not permitted the opportunity afforded under Rule 56(c)(2) to adduce materials in opposition to a summary-judgment motion filed by multiple defendants. Like our supreme court did with respect to the plaintiff in Moore, we conclude that Elliott Builders and Elliott are entitled to an opportunity to make a showing of disputed facts as to the 2007 action, which involves a number of issues not presented in the 2009 action.
Based upon the foregoing facts and authorities, the trial court’s judgment as to the 2009 action is affirmed. That court’s judgment as to the 2007 action is reversed, and that cause is remanded for the trial court to afford Elliott Builders and Elliott an opportunity to present materials and arguments in opposition to the September 18, 2009, summary-judgment motion filed by the defendants in the 2007 action.
2110758 — REVERSED AND REMANDED.
2110759 — AFFIRMED.
THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Deposition testimony given by a representative of TPOA that was submitted to the trial court in support of a summary-judgment motion filed in the 2007 action established that the developer relinquished its control of the subdivision to TPOA in late 2005.

. Although the defendants contend in their appellate brief that the chairman of TPOA's board has customarily appointed, and the board has approved, the winners of the balloting at the February annual meeting as directors, the plaintiffs correctly note in their reply brief in case no. 2110759 that TPOA’s representative who testified by deposition admitted that the winners of the balloting of the members at the annual meeting had not customarily been appointed to the board, although he testified to one instance when the top two candidates in the voting had, in fact, thereafter been appointed to and had been confirmed to serve on the board.